J. H. CARSON *v.* THE COMMISSIONERS OF CLEAVELAND COUNTY.

The *Board of County Commissioners* is not *the representative* of the former *County Court*, even as regards matters of administration ; *therefore*, a suit pending against the latter, at the time of its dissolution, cannot be *revived* against the former.

*Quœre*, whether a suit for *mandamus* can be *revived* in any case.

MANDAMUS, before *Logan, J.*, at Spring Term 1870, of MECKLENBURG Court.

The plaintiff had taken out the process against the Justices of the (late) County Court of Cleaveland, in 1867, and they had answered. The suit was continued, (a part of the debt claimed having been paid from time to time,) until the adoption of the present Constitution abolishing those Courts. At Spring Term 1869, notice was issued to the Commissioners of the county, requiring them to show cause why they should not be made parties to the suit.

At the last term, the plaintiff moved for a peremptory *mandamus* to them, but this was refused by the Court, and the plaintiff appealed.

*Dowd*, for the appellant.
*Wilson, contra.*

PEARSON, C. J. The order that notice issue to the Commissioners of the County of Cleaveland, to show cause why they should not be made parties to a proceeding by writ of *mandamus* heretofore directed to the Justices of the County, is based upon two mistaken ideas ; the one, that the writ of *mandamus* may be revived, like an ordinary action— no precedent can be cited to support it ; the other, that the Commissioners *represent* the Justices of the County, as an executor or administrator represents his testator or intestate.

CARSON *v.* COMM'RS OF CLEAVELAND.

It is true, the County Court is abolished by the Constitution, and may be said to be " civilly dead ;" but the Commissioners are not its representatives. The one corporation simply succeeds and takes the place of the other, in respect to certain of its functions. The County Court exercised both judicial and administrative powers. The former have devolved upon the Superior Courts, the Judges of Probate, and the Justices of the Peace,—the latter devolved upon the County Commissioners, to whom county affairs, taxes, bridges, roads, poor-houses, and the like are entrusted. So the Commissioners are, in respect to administration matters, the *successors*, not the representatives, of the County Courts.

It follows, that proceedings against the Justices of the County Court cannot be revived, either by motion or *scire facias*, against the Commissioners of the County, so as to bind them by the proceedings, answer, &c., had under a writ of *mandamus*.

The instance of the incumbent of a benefice, a corporation sole, furnishes an analogy: Proceedings in equity against a deceased incumbent, although it concerns the church property, cannot be revived against his successor ; it must be by *original* bill in the nature of a supplemental bill: 3 Dan. Chan. 13. If a writ of mandamus can be revived at all, which I very much doubt, it cannot be by bill of revivor or motion to revive, but it must be by some original process, which my researches have not enabled me to find. We concur in opinion with his Honor : " A suit against the Justices cannot be renewed against the Commissioners."

Order refusing the motion, affirmed.

PER CURIAM.                                              Affirmed.