C. R. TMOMAS to the use of J. C. WASHINGTON *vs.* COMMISSIONERS OF
CARTERET COUNTY.

1. To an action by *mandamus* instituted against the Justices of a county, Commissioners selected under the Constitution, cannot be substituted as parties, and this error is not waived by answer, but may be taken advantage of at any stage of the proceedings.

2. A mandamus against the Commissioners of a county, should run against them as "a board," and not against the individuals comprising such board.

The cases of *Carson* v. *Commisssoners of Cleveland County*, 64 N. C. 566, and *Askew* v. *Pollock* at this term, cited and approved.

This was an appeal from the judgment of His Honor Judge Clarke, rendered at Spring Term 1871, of Carteret Superior Court.

The plaintiff filed a petition for mandamus under the old system against the Justices of Carteret county; pending that suit, the present Constitution went into effect, and thereafter on motion of the plaintiff, the individuals composing the Board of Commissioners of said county were substituted as defendants in the stead of the Justices, and filed their answer to which the plaintiff replied.

On motion thereafter, His Honor Judge Clarke quashed the proceeding, and the plaintiff appealed.

*Manly & Haughton* for appellant :

Whatever irregularities have occurred in suing out the writ, they were waived by the defendants, accepting a declaration and answering. *Hyatt* v. *Tomlin*, 2 Ired. 149.

*No Counsel* for appellee.

Dick, J.   Proceedings to obtain a writ of mandamus against the Justices of a county, cannot be revived against the Board of Commissioners.   *Carson* v. *Commissioners of Cleaeland,* 64 N. C. 566.

His Honor in the Court below had no power to order the Board of Commissioners to be substituted as parties defendant in the place of the Justices of the county.; and the answer does not waive this defect caused by an excess of judicial authority.   The answer was not voluntary, as under the order of the Court the defendants were obliged to answer or be in contempt, and in their answer they insist that the proceedings are erroneous.

The maxim *consensus tollit errorem* does not apply when a proceeding is completely defective and void, and it will not apply in any case where tho action of the party is not voluntary.   The translation of the above maxim by Mr. Broom, shows the extent of its operation in cases where it can be allowed.   "The acquiesence of a party who might take advantage of an error, obviates its effect."

"When applied to the proceedings in an action, waiver may be defined to be the doing of something after an irregularity committed, and with a knowledge of such irregularity, when the irregularity might have been corrected before the act was done."   Broom L. Max. 137 and 138.

The proceedings are defective in another respect.   Such proceedings should be instituted against the Board of Commissioners and not against the individuals composing the Aoard. *Askew* v. *Pollock* at this term and cases cited.

There is no error.

Per Curiam.                          Judgment affirmed.