THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* FRANK SPECIALE, Appellant.

Argued March 8, 1937; decided April 20, 1937.

*Joseph Heller* for appellant.   Section 66 of the Trans-
portation Corporations Law (Cons. Laws, ch. 63), alone
or if read together with section 65 of the statute, are laws
which do not prohibit, or make unlawful, the acts of
the defendant.   (*United States* v. *Reese,* 92 U. S. 214;
*Klinkenstein* v. *Third Ave. R. Co.,* 246 N. Y. 327; *People
ex rel. Warren* v. *Beck,* 144 N. Y. 225; *People* v. *Flanagan,*
152 Misc. Rep. 916; *People* v. *Tyrrell,* 154 Misc. Rep.
379.)

*Charles P. Sullivan, District Attorney (John H. W. Krogmann* of counsel), for respondent. The evidence sustained the finding by the trial court that the defendant was guilty of a misdemeanor. (*Matter of Long Beach* v. *Public Service Comm.,* 249 N. Y. 480; *Bee Line, Inc.,* v. *LaGuardia,* 244 App. Div. 151; *Huff* v. *City of New York,* 202 App. Div. 425; *Bogart* v. *Walker,* 231 App. Div. 499; *People* v. *Watt,* 115 Misc. Rep. 120; 197 App. Div. 929; *United Traction Co.* v. *Smith,* 115 Misc. Rep. 73; *Keller* v. *Erie R. R. Co.,* 183 N. Y. 67; *Marra* v. *N. Y. C. & H. R. R. R. Co.,* 139 App. Div. 707; *Green Island Ice Co.* v. *Norton,* 42 Misc. Rep. 238; 105 App. Div. 331; *City of New York* v. *New Jersey & S. I. Ferry Co.,* 173 App. Div. 496.)

*Per Curiam.* Section 66 of the Transportation Corporations Law (Cons. Laws, ch. 63) provides: " No stage, omnibus line, stage route, motor vehicle line or route, nor any vehicle in connection therewith, and no vehicle carrying passengers at a rate of fare of fifteen cents or less for each passenger within the limits of a city or in competition with another common carrier which is required by law to obtain the consent of the local authorities of such city to operate over the streets thereof shall be operated wholly or partly upon or along any street, avenue or public place in any city, nor shall a certificate of public convenience and necessity be issued therefor, until the owner or owners thereof shall have procured, after public notice and a hearing, the consent of the local authorities of such city, as defined by the railroad law, to such operation, upon such terms and conditions as said local authorities may prescribe. * * *."

The defendant has been convicted of a violation of this provision upon facts stipulated by the parties as follows: The defendant drove an omnibus in connection with an omnibus line on a route on public streets of the city of New York; the omnibus carried passengers at the rate of five cents for each passenger; the city of New York gave no consent to the operation of the omnibus and no

certificate of convenience and necessity had been issued therefor; the omnibus was registered with the Motor Vehicle Bureau of the State of New York; it was not owned by the defendant, who was licensed as a chauffeur by the State of New York; the defendant drove the vehicle under the direction of its owner to whom he turned over fares collected by him.

On these facts, we think the defendant was not one of the class of persons upon whom the duties defined by section 66 of the Transportation Corporations Law were thereby imposed. That section is to be read with section 65 which applies to persons proposing to operate a bus line. (See *Matter of City of Long Beach* v. *Public Service Comm.*, 249 N. Y. 480.) Neither section is addressed to a mere chauffeur. (Cf. Vehicle and Traffic Law; Cons. Laws, ch. 71, § 2.)

The judgments should be reversed and the information dismissed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.