THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH McCUE, Appellant.

First Department, May 27, 1938.

*Addison B. Scoville* of counsel [*Goodwyn Kuyk* with him on the brief; *Alfred T. Davison*, attorney], for the appellant.

*Sol. Boneparth* of counsel [*Herman J. Fliederblum* with him on the brief; *Samuel J. Foley, District Attorney, Bronx County*, attorney], for the respondent.

DORE, J. Defendant appeals from a judgment of conviction against him in the Court of Special Sessions, Borough of the Bronx, one justice dissenting, for operating an omnibus line on an unapproved route in violation of section 61, subdivision 13, of the Public Service Law of the State of New York, which, so far as material, provides: " No omnibus corporation shall hereafter operate an omnibus line or omnibus lines upon any highway, avenue or street in the State except along a route and between stated termini as fixed and approved by the Commission."

Section 56 of the Public Service Law provides: "2. Every officer and agent of any such common carrier or corporation who shall violate, or who procures, aids or abets any violation by any

such common carrier or corporation of, any provision of this chapter, or who shall fail to obey, observe and comply with any order of the Commission or any provision of an order of the Commission, or who procures, aids or abets any such common carrier or corporation in its failure to obey, observe and comply with any such order or provision, shall be guilty of a misdemeanor."

Defendant, a licensed chauffeur, was the driver of a bus of the Surface Transportation Corporation of New York, which, pursuant to a franchise, operates a bus line in the borough of the Bronx, New York. On November 27, 1936, and February 3, 1937, defendant drove the bus along East Mosholu Parkway North and between Bainbridge avenue and Two Hundred and Sixth street; and said East Mosholu Parkway North between Bainbridge avenue and Two Hundred and Sixth street was not on the authorized route fixed and approved by the Transit Commission of the State of New York. The bus discharged all its passengers at Two Hundred and Sixth street and Bainbridge avenue and did not take on, carry or discharge any passengers while it was running on East Mosholu Parkway North between Bainbridge avenue and Two Hundred and Sixth street. It was conceded upon the trial that there was no franchise or proper permission to operate an omnibus line on East Mosholu Parkway North from Bainbridge avenue.

The People contend that the evidence established a violation of section 61, subdivision 13, of the Public Service Law, and that the defendant is liable.

Defendant contends:

1. That there was no violation of the section as concededly the bus at the point in question was not carrying passengers; and

2. That in any event a mere chauffeur cannot be held for such violation.

On the facts disclosed in this record — and they are substantially undisputed — we hold that defendant's second contention should be sustained and the judgment of conviction reversed. The defendant, a mere chauffeur of the Surface Transportation Corporation, which owned and operated the bus and the line in question, was not an " officer or agent " within the meaning of section 56 of the Public Service Law. Before a mere employee can be prosecuted criminally under section 56, it must be shown that, with full knowledge of the requirements of the Commission's order, such employee " exercised a choice to violate the same." (*People* v. *Dempsey*, 224 N. Y. 140.) In that case it is to be noted that the defendant was the traffic superintendent though not an officer of the company. Here the defendant is a mere chauffeur and we think it was not the legislative intent that such an employee should

be held criminally liable for violations of the sections in question by the corporation or its responsible officers and agents.

In the recent case of *People* v. *Speciale* (273 N. Y. 413), decided April 20, 1937, subsequent to the judgment appealed from herein, it was held, under sections 65 and 66 of the Transportation Corporations Law, that a mere chauffeur who was not the owner of an omnibus and who simply drove the bus under direction of its owners to whom he turned over fares collected by him, was not guilty of operating the omnibus without a certificate of public convenience and necessity though no such certificate had been issued, on the ground that such sections did not apply to a mere chauffeur. While the Transportation Corporations Law does not contain provisions such as section 56 of the Public Service Law relating to the liability of officers and agents, we consider that there is no distinction in principle between this case and the *Speciale* case. Indeed, section 66 of the Transportation Corporations Law refers to the operation of a " vehicle carrying passengers " whereas the statute here in question is by its terms directed against the omnibus corporation itself, the section providing that " No omnibus corporation shall hereafter operate an omnibus line * * * except along a route * ､ * * approved by the Commission." (Public Service Law, § 61, subd. 13.)

If, in a proper case, it is shown that the corporation itself or its responsible officers, as an incident to its usual business, regularly operates its buses along unauthorized streets or avenues, such operation, in our opinion, would be a violation of section 61, subdivision 13, even though the buses did not at the moment actually carry passengers, as the company would clearly be operating the buses for the purpose of carrying passengers for hire within the meaning of Public Service Law, section 2, subdivision 28. Such operations would amount to a claim to the right so to operate as an integral part of a route. Such usual or customary operation over unauthorized streets, if established by proper proof as an incident to the company's regular business, is to be differentiated from a mere temporary or isolated departure caused by necessity for repairs or gasoline or garage service, etc.

On the facts disclosed and for the reasons stated, we hold that this defendant cannot be held liable for a violation of section 61, subdivision 13, and section 56 of the Public Service Law.

The judgment should be reversed and the information dismissed.

O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and the information dismissed.