BENJAMIN ASKEW *vs.* JAMES M. POLLOCK, *et al.*

"All Acts and proceedings by or against, a county in its corporate capacity, should be in the name the Board of Commissioners." Acts of 1868, Ch. 20.

An order to show cause, which is in the nature of an alternative writ of mandamus, ought not to be directed to the individuals composing the Board of Commissioners. It is only in case of disobedience that they can be proceeded against individually.

When an erroneous ruling is the ground for an appeal, an amendment cannot be allowed in the Supreme Court, which would defeat the cause of appeal.

Commissioners of Cleaveland, *vs.* Pegram, *cited and approved.*

Petition for a peremptory mandamus, heard before Clarke, Judge, at Fall Term 1871, of Jones Superior Court.

The case as stated on the record is, "Benjamin Askew *vs.* James M. Pollock, Ch'n, Thomas G. Wilson, &c., Commissioners of Jones county.

The petition sets out that the county of Jones is indebted to the petitioner "in the sum of fourteen hundred and eighty-dollars and sixty-seven cents, for services rendered the said county, under a contract with the proper authorities thereof, and also for claims transferred to him, &c., that the claim was presented to the commissioners of the county, and was fully approved by the said Commissioners, and that the payment has been refused, &c." The prayer is, "Your Honor, to order that the same aforesaid, due and acknowledged, be paid by the defendants, or on failure, that they be required on a day to be named, to appear, and show cause to the contrary." And also, "That the clerk issue copies of the petition and order, and that upon failure to make payment, or show sufficient cause to grant a peremptory mandamus," &c.

4

Upon this petition, His Honor issued an order, substantially as follows :

" The Clerk of the Superior Court of Jones, will issue copy of the petition to the defendant as prayed for. It is further ordered that the defendants pay to plaintiff $1,482.67, the amount stated to be due, or on failure to do so, that they show cause on 27th day of December, at the Court House in Trenton to the contrary."

And at the Fall Term 1871 of the Court, the petition and order is returned endorsed. "Copy of this petition and order delivered to J. M. Pollock, John Merret, Commissioners of Jones county." Signed by the Sheriff. Motion to quash, was made by the defendant. The motion was overruled, and defendants appealed.

*J. H. Haughton* for plaintiff.
*Green* for defendant.

DICK, J.    The plaintiff alleges that he is a creditor of the county of Jones, and he seeks to enforce the payment of his claim by a writ of mandamus.

The proceedings were instituted against certain individuals, styling themselves Commissioners of Jones county. The statute expressly, requires, " All acts or proceedings by or against a county in its corporate capacity should be in the name of the board of commissioners." *Commissioners of Cleaveland vs. Pegram*, 65, N. C., 114.

The order to show cause, which is in the nature of the alternative writ of mandamus, ought not to have been directed to the individuals composing the Board, as it is only in case of disobedience that they are liable to be proceeded against individually.

The defennants moved to quash the proceedings as they are not in accordance with the requirements of the statute.

This motion was in the nature of a special demurrer, and ought to have been allowed, unless there was a motion to

amend. It is all important that the forms required by law shall be complied with, so that legal proceedings may be conducted with regularity, precision and certainty. No motion for an amendment was made, and His Honor refused to quash the irregular proceedings. In this there was error. As this erroneous ruling was the ground for the appeal for the defendants, an amendment cannot be allowed in this Court, which would defeat the cause of appeal. We must decide this case as His Honor ought to have done upon the proceedings as they appeared before him. The proceedings must be quashed, for the cause assigned by defendants.