### PEOPLE v. WHITRIDGE.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. STREET RAILROADS (§ 121*)—REGULATIONS AS TO EQUIPMENT—PENALTY FOR VIOLATION OF REGULATION—ACTION—BURDEN OF PROOF.

An action against the receiver of a street railroad company for penalties under Public Service Commissions Law (Laws 1907, c. 429) § 56, which declares that violations of orders of the commission are offenses, and prescribes the penalty to be recovered therefor, cannot be maintained. unless, as a basis of recovery, the plaintiff shows that the commission did in fact make an order which the defendant disobeyed.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 121.*]

2. STREET RAILROADS (§ 121*)—PENALTIES FOR VIOLATION OF REGULATIONS—ACTIONS—PRESUMPTIONS—BURDEN OF PROOF.

Where the copy of an alleged order of the Public Service Commission introduced in an action against the receiver of a street railroad company to recover penalties under Public Service Commissions Law (Laws 1907, c. 429) § 56, which declares that violations of the orders of the commission are offenses, and prescribes the penalty to be recovered therefor, is without signature or initials, or file mark, and the unidentified handwriting therein shows a change of dates, either before or after the order was made, it does not prove the facts stated therein, or even raise a presumption that such order had been adopted.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 121.*]

3. STREET RAILROADS (§ 121*)—PENALTY FOR VIOLATION OF REGULATIONS—ACTION TO RECOVER—RIGHT OF ACTION.

An action against the receiver of a street railroad company to recover penalties. under Public Service Commissions Law (Laws 1907, c. 429) § 56, which declares that violations of the orders of the commission are public offenses, and prescribes a penalty therefor, cannot be maintained where it is not shown under the provisions of sections 4 and 11 that the order alleged to have been violated was that of the commission as a body duly adopted at a meeting attended by a quorum.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 121.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CORPORATIONS (§ 396*)—REGULATION—PENALTIES FOR VIOLATION—STATUTORY PROVISIONS.

Public Service Commissions Law (Laws 1907, c. 429) § 56, which declares the violation of the orders of the commission to be an offense, and prescribes the penalty to be recovered therefor, is highly penal, and is intended to punish corporations for failure, neglect, or deliberate omission to obey an order of the commission; and, in an action for penalties, it is open to the defendant to show that the failure to obey was due to no fault of his own, but was unavoidable.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 396.*]

5. CORPORATIONS (§ 396*)—PENALTIES FOR VIOLATION OF REGULATIONS—ACTION—PRESUMPTION—BURDEN OF PROOF.

In a prosecution for penalties under Public Service Commissions Law (Laws 1907, c. 429) § 56, which declares violations of the orders of the commission to be offenses and prescribes the penalties to be recovered therefor, proof of the fact of failure to obey an order establishes culpability prima facie, and casts upon the defendant the burden of excusing the apparent default.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 396.*]

6. STREET RAILROADS (§ 121*)—VIOLATION OF REGULATIONS—ACTION FOR PENALTIES—DEFENSES.

The receiver of a street railroad was prosecuted under Public Service Commissions Law (Laws 1907, c. 429) § 56, for penalties for failure to obey the commission's order to equip the cars on his road with wheel guards, and it was shown that the defendant had contracted for the equipment of all the cars operated by him, with the kind of wheel guards ordered by the commission, and that the contractor was unable to equip all the cars within the time fixed by the order, and that, while he had not applied for an extension of time, the commission had granted extensions of time to other roads. *Held*, that his failure to completely comply with the order was inadvertent and unavoidable, and that penalties could not be recovered.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 121.*]

Action by the People, etc., against Frederick W. Whitridge, as receiver of the Union Railway Company of New York City. Complaint dismissed, and plaintiff moves for new trial upon exceptions ordered to be heard in the first instance at the Appellate Division. Exceptions overruled, and judgment ordered for the defendant upon the dismissal of the complaint.

See, also, 128 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

George S. Coleman, for the People.
Joseph H. Choate, Jr., for defendant.

SCOTT, J. This is a motion by the plaintiffs for a new trial upon exceptions ordered to be heard in the first instance at the Appellate Division; the trial having resulted in a dismissal of the complaint.

The action is prosecuted in the name of the people of the state of New York, by the Public Service Commission, First District (hereafter for brevity spoken of as the commission) to recover several hundred thousand dollars from the defendant, the receiver of the Union Railway Company, for his failure to obey an alleged order of the commission directing that the cars under his control be equipped with

wheel guards. The complaint, in addition to the formal allegations, states the cause of action against the defendant as follows:

"(4) Said Public Service Commission for the First District, being of opinion after a hearing duly had upon its own motion that said cars in respect of the conveyance of persons or property within the county of New York were unsafe, in that they were not equipped with wheel guards, determined the safe and proper equipment thereafter to be in force to be observed and to be used by the defendant in such conveyance of persons or property within the county of New York, and fixed and prescribed the same by an order duly made on April 27, 1909, which said order, a copy whereof is hereunto annexed and made a part hereof marked 'A,' was on said last-mentioned day duly served upon the defendant, and on the 28th day of April, 1909, was and ever since has been in full force and effect.

"(5) The defendant has failed, omitted, and neglected to obey, observe, and comply with said order in the following respects, to wit: The defendant did not on or before May 15, 1909, or at any other time, submit to said Public Service Commission for the First District for its approval any drawings or specifications of the type or types of wheel guards intended or desired to be used by him in compliance with said order, upon information and belief the defendant did not on or before August 1, 1909, equip all of said cars in service in New York county with wheel guards, and upon information and belief the defendant has on each and every day since August 1, 1909, put in service in the county of New York cars operated by electricity, which cars were not equipped with wheel guards."

The act which was in force during the period within which, as it is said, the penalties sued for accrued was Laws 1907, c. 429, known as the "Public Service Commissions Law." It is not questioned by the respondent that it lay within the authority of the commission to require that all street surface cars should be equipped with proper wheel guards, and to issue an order to that effect. The act under which the action is brought provides that it shall be the duty of all common carriers and their officers to comply with orders made by the commission, and that:

"Any common carrier, railroad corporation or street railroad corporation which shall violate any provision of this act, or which fails, omits or neglects to obey, observe or comply with any order or any direction or requirement of the commission shall forfeit to the people of the state of New York not to exceed the sum of five thousand dollars for each and every offense; every violation of said order or direction or requirement, or of this act shall be a separate and distinct offense, and in case of a continuing violation every day's continuance thereof shall be and be deemed a separate and distinct offense." Section 56.

[1] This section is punitive and very highly penal, and, in order to collect a penalty or penalties under it, the plaintiffs must establish clearly that the defendant has committed an offense, and in the present case the very basis of a possible recovery depends upon showing that the commission did in fact make an order which the defendant disobeyed. Town of Greece v. Vick, 126 App. Div. 171, 110 N. Y. Supp. 338. It appears that on February 22, 1909, the commission issued an order for a hearing upon the subject of proper wheel guards. This order was addressed to all the street railroad companies, and to the receivers of those who were in custodia legis. Something by way of a hearing was had, following which, as it is alleged, the order was issued which defendant is charged with having disobeyed.

[2] At the trial the secretary of the commission produced a paper

which he stated was the order in question. A fac simile of this paper is attached to the case on appeal, and there is certainly nothing upon its face to import its verity. It consists of two typewritten sheets of paper without signature, initials, or even a file mark. Its date has evidently been changed. The date when the order was to take effect, the date on which plans and specifications were to be submitted, and the date on or before which the cars were to be equipped are all changed in handwriting. The secretary was not able to testify positively in whose handwriting the changes were, except that he believed them to be in the handwriting of Commissioner Maltbie, and he did not know when they were made, but believed that they had been made before the order was adopted, because it was not customary to alter orders after they had been adopted. The order in our opinion is wholly insufficient as a self-proving document, and is of such a character that by itself it raises no presumption that it had ever in fact been adopted. Furthermore, the case is devoid of legal proof that any such order had ever been adopted. The statute provides that:

"A majority of the commissioners shall constitute a quorum for the transaction of any business, for the performance of any duty, or for the exercise of any power of the commission, and may hold meetings at any time or place within the state." Section 11.

The body is not composed of five individuals authorized to act independently, for the act provides that "there shall be a Public Service Commission for each district." Section 4.

[3] And, while individual commissioners may hold "investigations, inquiries and hearings" (section 11), the final act must be that of the commission as a body at a meeting attended by a quorum, and it is only for the violation of an order of the commission as such a body that a penalty can be imposed. In order that there should have been a valid order, it was necessary that it should appear that it had been adopted by the commission, acting at least by a majority, and at a stated meeting, or a meeting properly called and of which all the commissioners had been notified and had had an opportunity to be present. 10 Cyc. p. 323. No attempt was made to supply this proof. Although the commission is a most important and powerful one, it appeared that no minutes are kept of its proceedings; at least, none were produced, although an opportunity was given plaintiffs to produce them, if they existed. Thus, as the case was finally presented, there was absolutely no legal evidence, or any evidence at all, that the commission had ever adopted the order which defendant is charged with having violated. Even the secretary who produced the paper termed an order, and who said it had been adopted, did not testify that there had been any meeting of the commission at which it was adopted, or that he had been present and knew personally that it had been adopted. On this ground, if there were no other, the complaint was properly dismissed.

[4] As has been said, the section under which this action is brought is highly penal. It is intended to punish common carriers or corporations for its failure, omission, or neglect to obey an order of the commission. The purpose is to prevent intentional, deliberate, and avoidable disobedience, and it will not be extended to cases of failure to

obey which are involuntary and unavoidable, and it must always be open to a defendant, when prosecuted for penalties under the act, to show that the failure to obey was due to no fault of his own, but resulted from causes beyond his control.

[5, 6] Undoubtedly proof of the fact of failure to obey establishes culpability prima facie, and casts upon the defendant the onus of excusing his apparent default. When he has produced evidence in that regard which, if true, furnishes a complete excuse and explanation, and it is not questioned or contradicted, there is nothing left for the jury to consider. In the present case it appeared that prior to February, 1909, the commission had instituted elaborate tests by its employés of various wheel guards and safety appliances, and had rated the appliances so tested by comparative numbers. A certain device spoken of in the case as the "H. B. guard" had received the highest rating. The defendant, anticipating the tests by the commission, had of his own accord made inquiry and tests, and, as it happened, had decided that the very guard afterwards rated most highly by the commission was the most desirable. He had accordingly, on February 15, 1909, prior to the order of the commission summoning all of the street railroad companies and receivers to discuss the question of wheel guards, executed a contract for the equipment of all the cars operated by him with this approved guard. For reasons for which it is not claimed that the defendant was responsible, the firm with whom he contracted, the only one in the United States who could build this particular guard, was unable to equip all the cars operated by defendant within the time fixed by the commission, although they did equip a great many. No attempt was made to controvert this testimony. Indeed, the commission does not appear to have considered the time fixed for the equipment of the cars to have been of the first importance, so long as the work was promptly begun and prosecuted with reasonable diligence; for it appears that the corporations and persons other than defendant operating street surface cars within the jurisdiction of the commission were granted, upon request, such additional time as they needed to complete the work, and it is broadly intimated that defendant might have obtained an extension of time if he had requested it, as he did not do. And it is because of his failure to apply for and obtain such an extension that the plaintiffs seek to mulct him in penalties. The statute does not authorize the imposition of penalties for any such cause. An extension of time could have been asked for, and presumably have been granted only upon showing that the order could not be complied with literally. It was not necessary to convince the commission of that fact. The defendant was entitled to rely upon his ability to show such fact if prosecuted for penalties for disobedience. It is perfectly clear that the defendant's failure to completely obey the order was inadvertent and unavoidable, and that no penalty could lawfully be imposed upon him for such failure. And for this reason, also, the complaint was rightly dismissed.

Other questions have been argued at the bar and upon the briefs which we have considered, but do not deem it necessary to pass upon, as we are satisfied, for the reasons above stated, that the exceptions

must be overruled and judgment ordered for the defendant upon the dismissal of the complaint, with costs and disbursements to said defendant. All concur.