JENKINS BROTHERS SHOE COMPANY v. E. L. TRAVIS
AND WILLIAM T. LEE.

(Filed 14 April, 1915.)

Corporation Commission — Corporate Acts — Ministerial Duties—Individual
　　Members—Mandamus.

　　The Corporation Commission acts as a body and in a corporate capacity, and an action or proceeding to compel that body to perform its ministerial duties must be brought against it in that capacity and not against its

members, for its functions are not individual or personal, but corporate. Hence mandamus to compel the refund of taxes alleged to have been paid under an excessive valuation of property will not lie against two of the commissioners, as individuals.

APPEAL by plaintiff from *Lyon, J.,* at September Term, 1914, of FOR-SYTH.

Plaintiff, a corporation having its residence in Winston-Salem, N. C., where it conducts its business and has real and personal property of a tangible nature, applied to the board of commissioners of Forsyth County to correct and reduce the valuation of said property, because it was excessive. The application was granted in proceedings taken under sections 78 and 79 of the Machinery Act (Public Laws of 1913, ch. 203), and a certificate as to the reduction in value of the property and as to the amount of the tax to be refunded was made out by the clerk of the board under its seal, it being $302.07 as to county taxes and $79.49 as to State taxes. The county refunded its share, and demand was made upon the State Tax Commission to have refunded the $79.49, which was the excess collected by the State, and to issue a proper warrant therefor, which the Commission has failed to do. Plaintiff asks for a mandamus to compel the Commission to perform its "ministerial duty" in compliance with the law. The suit was brought, not against the State State Commission, but against two of the individuals at present composing that body, Hon. E. L. Travis and Hon. William T. Lee, the reasons for not joining the third, Hon. George P. Pell, being that he has consented to issue the warrant and otherwise to comply with plaintiff's demand.

Defendants demurred upon the grounds:

"1. This action is brought against the defendants individually, but the complaint does not state, or purport to state, any cause of action against them as individuals. The alleged cause of action attempted to be stated is against the defendants in their official capacity as State Tax Commissioners.

"2. Even if the action be considered as against the defendants in their official capacity as State Tax Commissioners, no cause of action is stated against them as such, in that:

"(a) Section 79 of the Machinery Act, referred to in section 1 of the complaint, has application to the assessment of the property of persons, as distinguished from corporations, and even in those matters the action of a board of county commissioners is subject to supervision and review by the State Tax Commission and may be by them disapproved and overruled, under the general powers conferred by section 3 of the Machinery Act. That the warrant provided for in said section 79 is to be issued by the State Tax Commission only when, in the exercise of their supervisory discretion, they approve, and do not overrule, the action of the board of commissioners.

"(*b*) The plaintiff, being a corporation, as distinguished from a person, the value of its capital stock was originally assessed by the State Tax Commission under section 43 of the Machinery Act and certified to the State Auditor. Its State taxes were properly computed on this assessment, and required to be paid direct to the State Treasurer. The county commissioners have no power to change, and it is not alleged that they attempted to change, this assessment, which was in no way affected by a change in the local assessment of its tangible property. Section 46 of the Machinery Act requires plaintiff also to pay its county, township, and city taxes on this assessment, and the alleged action of the board of commissioners in granting a refund of their county taxes, without a reduction of this assessment of their capital stock by the State Tax Commission, was illegal and unauthorized.

"(*c*) That the alleged duty which it is sought to have defendants to perform as officials is not ministerial, but involves the exercise of their judgment and discretion as officials."

The court, Hon. C. C. Lyon, presiding, sustained the demurrer, and from the judgment plaintiff appealed.

*Alexander, Parrish & Korner for plaintiff.*
*Watson, Buxton & Watson for defendants.*

WALKER, J., after stating the case: This case, but for a defect of parties, would present some very important and serious questions as to the proper procedure for reducing excessive valuations and refunding any amount due the taxpayer by reason thereof, and as to the jurisdiction and supervisory powers of the State Tax Commission, which body was created by chapter 203 of the Public Laws of 1913, known as the Machinery Act, with certain well defined powers and capabilities. The duty of acting in regard to the refund of taxes overpaid is conferred, by sections 78 and 79 of the said act, upon it as a body, in its corporate capacity, and not upon its individual members, and any action or proceeding to compel that body to perform its ministerial duties must be brought against it in that capacity, and not against its members, for this function is not individual or personal, but corporate. It is the·same in the case of this body as it is with respect to the board of county commissioners, and we have held that, in the latter case, all actions or proceedings by or against a county should be brought in the name of the board of county commissioners as a corporate body, and not against the individuals composing the board, who can be proceeded against only when there has been disobedience of the process issued to the board by the court. *Askew v. Pollock,* 66 N. C., 49. It was expressly held in *Thomas v. Comrs.,* 66 N. C., 522, that a writ of mandamus against commissioners of a county should run against them as "a board," and not against the individual

members of the board. It is called a body politic and corporate because all the persons are merged or made into a body and, as such alone, have the capacity to take, grant, sue and be sued, by and in the corporate name, which is a means of identification of the body and an essential incident to the corporate life and action. Bacon Abr., title "Corporations" C.; 1 Blackstone Com., 474-5; 10 Coke Rep., 28; 28 Cyc., 120. Speaking of the corporation, its nature and character, as a distinct entity and creation of the law, and as something having an existence separate and apart from that of its members, Blackstone, vol. 1, at p. 468, gives the familiar illustration: "For all the individual members that have existed from the foundation to the present time, or that shall ever hereafter exist, are but one person in law—a person that never dies—in like manner as the river Thames is still the same river though the parts which compose it are changing every instant." So it comes to this, that the plaintiff, if it desired to enforce its right, if it has any, should have proceeded against the corporate entity or governmental agency charged with the duty, as it alleges, of affording relief, and not against the persons, or a part of them, composing it. There is a very interesting discussion of the duties, powers, and supervisory jurisdiction of the State Tax Commission, in regard to all matters of taxation, to be found in the defendants' brief, but having decided that the action was improperly brought, it is not necessary to make any further reference to it. There was no error in the judgment of the court.

Affirmed.