## Richter *v.* Scranton City, Appellant, et al.

Argued March 24, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Alexander S. Gorny,* Assistant City Solicitor, with him *Jerome I. Myers,* City Solicitor, for appellant.

No appearance was made, nor brief filed for appellee.

OPINION BY MR. JUSTICE STERN, April 13, 1936:

In this action of trespass the plaintiff's statement of claim was served on the defendant, City of Scranton, on July 27, 1935. It alleged that the plaintiff sustained injuries by falling on a sidewalk on the westerly side of Washington Avenue at a point in the 100 block thereof in front of a building known as the Connell Building in Scranton, the accident happening by reason of snow and ice which had formed into rough and uneven ridges. On July 31, 1935, the defendant took a rule on the plaintiff to show cause why a more specific statement of claim should not be filed in regard to the length of time that the plaintiff claimed the ridges of ice had existed. A more specific statement on this point was filed on October 14, 1935. On December 11, 1935, the defendant caused a writ of sci. fa. to issue to bring in as additional defendants the owners of the Connell Building. The latter entered an appearance de bene esse and took a rule upon the defendant to show cause why the writ of sci. fa. should not be quashed for the reason that it had not issued within sixty days after the service of the plaintiff's statement of claim as required by rule 242 (b) of the rules of court of Lackawanna County.

That rule provides as follows: "A sci. fa. to bring upon the record an additional defendant may issue only within sixty (60) days after service of the plaintiff's statement of claim on the defendant at whose instance the writ issues . . . except that the court, upon petition and cause shown, may extend such time. Such petition shall set forth facts constituting cause for extension of time, verified by the defendant or a person having knowledge of the facts. . . ."

The defendant contended that the sixty days should be held to start running only with the service of the *amended* statement of claim. The court below, however, made absolute the rule to quash the sci. fa.

The original statement of claim clearly identified the place where the accident was alleged to have happened and therefore gave to the defendant the information required as to the persons to be joined as additional defendants. Even if such information, however, were lacking, or if for any other reason the defendant were unable, on the basis of the original statement of claim, to cause a sci. fa. to issue to bring in additional defendants, the rule of court covered such a situation by permitting the defendant to obtain an extension of time by filing a petition setting forth the facts making such extension necessary. The defendant did not file such a petition and therefore did not observe the requirements of the rule. Accordingly, the court was justified in quashing the sci. fa.

It may be added that the interpretation of rules of court is for the court which enunciates them, and, in the absence of an abuse of power, its conclusion in that respect is final: *Haverford Twp. School Dist. v. Herzog*, 314 Pa. 161.

The order of the court making absolute the rule to quash the sci. fa. is affirmed.