## NOONAN v NOONAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1698.  Decided Dec 3, 1941

Barger & Orendorf, Dayton, for defendant-appellant.

Harold E. Smock, Dayton, for plaintiff-appellee.

## OPINION

By GEIGER, PJ.

The parties herein were divorced on January 3rd, 1938, for the aggression of the husband. The custody of the two minor children was awarded to the plaintiff and it was ordered that the defendant pay to Margaret Noonan the sum of $7.00 per week as permanent alimony for the support of the defendant's minor children, the same to be paid weekly until the further order of the court.

On June 5th. 1941, an entry was filed modifying the former order of the court to the effect that the order of January 3rd, 1938, be changed from $7.00 per week to $9.00 per week until the further order of the court. On June 6th, 1941, the cause came on further to be heard on motion of plaintiff to reduce to judgment the unpaid installments of support money heretofore awarded plaintiff by decree of January 3rd, 1938, and the court found that the defendant is in default for payment and is indebted to plaintiff for unpaid support money in the amount of $801.00 for which judgment was awarded.

On June 12, 1941, the defendant

James Noonan gave notice of appeal to this court from the final judgment rendered by the court on the 6th of June, 1941, said appeal being on questions of law. On June 9th, 1941, a motion for new trial was filed by defendant.

On August 4, 1941, plaintiff-appellee filed a motion in this court for an order dismissing the appeal for the reason that said appeal is not taken from any final order, judgment or decree of the court and because of other errors apparent on the record.

Counsel cites §12223-3 GC and asserts that the appeal was attempted before any final order was made in this case; that nowhere in the record is there an entry showing the trial court's decision on a motion for new trial and it is asserted that none was made at that time or before the notice of appeal was filed on June 12, 1941.

The entry of June 6th was a judgment for the plaintiff in the sum of $801.00. This was a final order reducing to judgment the plaintiff's claim for the unpaid installments of support money. The fact that there is a continuing order of the court that the defendant pay $9.00 per week for the support of the children until the further order of the court does not deprive the judgment for the $801.00 for the deferred payment of its finality.

We are, however, confronted with the fact that on June 9, 1941, within three days a motion for new trial was filed. The notice of appeal was given on June 12, 1941. The motion filed on June 9th for a new trial asserted seven grounds as set out later in the assignment of errors.

The transcript of the docket and journal entries does not show this motion has ever been passed upon by the court below and that is made one ground for dismissal of the appeal.

Sec. 11599 GC provides that when a trial by jury has been had, judgment must be entered by the clerk with certain limitations immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.

The substance of the above statute is set out and discussed in Sec. 115, page 213 et seq of Trial and Appellate Practice by Hornbeck and Adams.

In the case of **Boedker v The Richards Company, 124 Oh St 12**, opinion by Marshall, CJ., it is held,

"2. Under the provisions of §11599 GC, an entry of judgment in a suit at law before the expiration of the three day period within which a motion for a new trial may be filed, is ineffective to start the running of the limitation for filing a petition in error.

3. In the event a motion for new trial is in fact filed within three days after the entry of the judgment, the limitation within which a petition in error may be filed runs from the entry of the judgment upon the overruling of such motion for new trial."

In this case on page 19, we find the statement,

"Whether the principles declared in the instant case apply to cases not triable to a jury is neither considered nor decided."

In **Craig v Welply, 104 Oh St 312**, it is stated,

"2. The limitation of time provided by §12270 GC, within which proceedings to reverse, vacate or modify a judgment shall be commenced, begins to run from the date of the judgment sought to be reversed and not from the overruling of a motion for new trial in the cause."

On page 315, Johnson, J., delivering the opinion of the court, quoting the section of the statute and continuing, states,

"But in this case there was no trial by jury and the judgment of the court

was entered on June 11th. That became the date of the judgment and the time from which the statute of limitations must be computed."

The action arose after §11599 was amended to its present form.

The case of **Wells v Wells, 105 Oh St 471**, involves a divorce and it is there stated,

"1. The limitation of time provided by §12270 GC is applicable to divorce proceedings and the 70 days begin to run from the date of the entry of the decree and not from the date of the overruling of a motion for a new trial.

3. A motion for new trial · affects the time when the limitation begins to run only in those cases where the motion for a new trial prevents an entry of judgment."

We are of the opinion that §11599 GC has application only to trials by jury, or, by the court where a ▮▮▮▮▮▮▮ ▮ jury is waived and that the fact that a motion for new trial was filed before the notice of appeal in this case and that the same has not yet been disposed of, does not prevent this court from entertaining the case on appeal.

The question, however, arises as to whether §11599 GC is now the controlling section in this case. Sec. 12223-7 GC defining the time for perfecting appeals, provides for the time of the appeal and contains this provision,

"Provided that where a motion for new trial is duly filed by either party within three days after the verdict or decision, then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining a motion for new trial."

The section was effective August 23, 1937. It was amended effective June 26, 1939. The only difference we discover between the statute as first enacted and the amendment is that appeals from the **probate court** to the court of common pleas are eliminated.

On first reading this amended statute, we are impressed with the fact that it possibly renders ineffective that portion of §11599 to which we have alluded. It would seem from a cursory examination that in all cases where a motion for new trial is **duly** filed by either party within three days after the verdict or judgment that the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial.

The Supreme Court in **Cullen v Schmit, 137 Oh St 379**, points out the purpose of a "new trial" and it is held in the second syllabus,

"2. Under the provisions of §12223-7 GC, a motion for a new trial must not only be filed within three days after a verdict or decision, but it must be 'duly' filed; and in this respect these provisions recognize no distinction between an action at law and a suit in chancery.

3. A motion for a new trial is duly filed only when, if granted, it would result in a re-examination of the issues of **fact** presented by the pleadings.

4. When a motion for a new trial is duly filed by either party within three days after the verdict or decision in an action at law or a suit in chancery then the time for perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for a new trial."

The opinion is by Weygandt, C. J., and after quoting the relevant part of the statute the Chief Justice states,

"Thus. it is expressly required not only that a motion for a new trial be filed within three days but also that it be 'duly' filed."

The judge then takes up the examination of the several cases and states that in the case then before the court, the motion for new trial was duly filed. The plaintiff asked a re-examination of the facts as well as the law and her assignment of error involved the ad-

mission and exclusion of the evidence. She wants the **facts** re-examined. The judge then states what is embodied in the third syllabus and that under the circumstances the motion for a new trial was **duly** filed and that, therefore, the time for perfecting her appeal did not begin to run until the entry of an order overruling the motion for a new trial and the judgment of the court below was reversed.

In the case at bar, the motions filed by the defendant for a new trial and a hearing were based on seven separate grounds substantially the same as the assignment of errors and are to the effect that the judgment was contrary to law; that the court was without jurisdiction; that the plaintiff was not the real party; that the court erred in rendering judgment for an infant when the suit must be brought by a guardian or next friend; because jurisdiction is continuous and the law stipulates the manner of procedure and for other errors apparent upon the face of the record.

It will be perceived that the appellant has no where made any claim in his motion for new trial that the judgment of the court was ▉▉▉▉▉▉▉ ▉ against the weight of the evidence. Everything of which he complains is apparent upon the face of the record without resort to a re-examination of facts and therefore does not fall within the definition given in §11577 of a new trial as being an examination of an issue of fact. No bill of exceptions was filed in this case and there is nothing that would properly require the same. It is a bare statement, that the court proceeded without jurisdiction or authority to render a judgment and the claim must fall before the third syllabus in the above cited case. This motion for new trial would not, if granted, result in a re-examination of any issues of fact. It therefore was not **duly** filed and it follows that the provisions of §12223-7 do not apply.

It is stated in **Squire v Lynch, 62 Oh Ap 161** that the provisions of the statute apply to both cases at law and

chancery in reference to the beginning of the running of the time. Where a motion for new trial is **necessary or proper** and is filed within three days the time for perfecting an appeal does not begin to run until the overruling of the motion.

The case of **Tressemer v Google,** Court of Appeals of Franklin County, Ohio, by Barnes, J., to some extent discussed the question pertinent in this case.

We therefore overrule the motion for an order dismissing the appeal for the reason that a proper no- ▉▉▉▉▉▉ ▉ tice was given and under the above cited decision the appeal could be perfected before the motion for new trial was disposed of. A motion for new trial not necessary.

This brings us to a consideration of the assignment of errors and memoranda in support thereof filed by the defendant-appellant, James Noonan. We have given consideration to counsel's argument, but will merely state our conclusions as follows:

The finding and judgment was not contrary to law but was a proper proceeding by the court below to reduce to judgment in favor of the plaintiff, the amount of the unpaid installments of alimony. The first assignment is overruled.

The second assignment is that the court was without jurisdiction to render final judgment where an infant is involved. While the judgment was based upon an order granting to the wife alimony for the support of the children, the judgment ▉▉▉▉▉▉ ▉ for the unpaid installments was properly taken in the name of the wife. The order for payment of alimony for the support of minor children is to provide funds to the wife for the care of the children and is not an order specifically in favor of the children. The second assignment is overruled.

The third and fourth assignments are overruled for the same reason.

The fifth assignment is that the jurisdiction is continuous in cases involv-

ing the support of minor children. We already passed upon this point and the fifth assignment will be overruled.

The sixth and seventh assignments are overruled for the reasons given.

Judgment of the court below affirmed.

BARNES and HORNBECK, JJ., concur.