199 So.2d 653

**ALABAMA PUBLIC SERVICE COMMISSION**

v.

**REDWING CARRIERS, INC., et al.**

**3 Div. 224.**

Supreme Court of Alabama.

June 1, 1967.

Rehearing Denied June 22, 1967.

MacDonald Gallion, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for Public Service Commission.

J. Douglas Harris, Montgomery, Ormond Somerville and N. Hawthorne Hawkins, Jr., Birmingham, for appellees.

HARWOOD, Justice.

Schwerman Trucking Company filed an application with the Alabama Public Service Commission seeking a certificate authorizing it to transport dry commodities in bulk over irregular routes from and to all points in Alabama.

The application was opposed by some ten trucking companies which already held certificates authorizing the transportation of bulk commodities over irregular routes in Alabama, or in certain restricted areas. Altogether it would appear that the entire state is covered by some of the trucking companies, and by all the companies, even those whose territory is restricted, when the limited authority as to area of operation is combined.

Notice of a hearing of Schwerman's application was given and the matter was set for 18 May 1965.

On that day an order was entered by the Commission appointing William F. Black, attorney for the Commission, as examiner for the hearing and the taking of testimony *"and the recommendation of an appropriate order thereon and to perform other duties with respect to said proceeding as authorized by law."* (Italics ours.)

Black did conduct the hearing. Many witnesses testified and numerous exhibits were introduced.

At the conclusion of the hearing the record shows the following statement by Mr. Harris, an attorney for Redwing Carriers, one of the protesting carriers, and one of the appellees here:

"Mr. Examiner, before you close the record I would like on behalf of each of the protestants here to make the observation that Commissioner Connor has sat through the entire hearing of this application. Commissioner Pool has heard none of the testimony offered by the protestants and Commissioner Pepper has been in and out of the hearing room, we have not tried to keep any time. He is not

present now and has not been present this afternoon and it is now 3:20 and in view of that we feel that an Examiner's report be necessary."

Section 301(7), Title 48, Code of Alabama 1940, requires that where a hearing is ordered to be held before an examiner he shall thereafter file with the Commission his recommendation in writing, accompanied by his reasons therefor.

No recommendation of an appropriate order and the reasons therefor were ever filed by the examiner with the Commission in these proceedings.

Nevertheless, on 29 July 1965, a purported order was entered by Commissioners Pool and Pepper granting a certificate of convenience and necessity to Schwerman authorizing it to transport dry commodities in bulk over irregular routes between all points in Alabama.

This purported order shows a dissent by Commissioner Connor on the basis that the order of the majority of the Commissioners covered commodities as to which there was no evidence presented, and additionally, the record showed affirmatively that presently authorized carriers were in position to give all service required by shippers.

On 25 August 1965, four of the protesting carriers filed their motion for a reconsideration of the order of 29 July 1965.

There is attached to the motion for reconsideration as an exhibit, and made a part of the motion, a document filed with the Commission dated 4 August 1965, by Commissioner Connor. This document sets forth that Commissioner Connor had received a purported Report and Order in the present matter signed by two of the Commissioners; that while he agreed with the grounds of the purported dissent, he did not sign the purported order because it did not reflect the action of the Commission as a body, but was merely the act of two of the Commissioners acting personally and individually; that he (Connor)

had never been notified of any meeting of the Commission to consider the present application, nor had there been any meeting scheduled to pass on the same; that there had been no meeting of the Commission to consider the application involved, and he had not been able to consult with or express his views to the other two Commissioners or participate in any deliberations pertaining to the application; and that the purported order is not in fact the order of the Commission, and the recitation in the purported order that it is the order of the Commission is untrue.

Before this motion was acted upon the four protesting carriers filed a notice of appeal and appeal bond for security of costs with the Commission and thereby perfected their appeals to the Circuit Court of Montgomery County, in Equity. (Section 79, Title 48, Code of Alabama 1940.)

On 25 October 1965, the four protesting carriers filed their bill in the nature of a bill of complaint in the Circuit Court of Montgomery County, in Equity.

On 9 November 1965, a fifth carrier (one of the protestants before the Commission) was permitted by the Circuit Court to intervene in the proceedings therein, but in view of our conclusions hereinafter set forth, no need arises to consider this facet of the proceedings in the court below.

In the Circuit Court, the Commission filed a motion to dismiss, and a motion to strike the bill of complaint. The substance of the grounds of these two motions was to the effect:

(a) Rule B of the Circuit Court of Montgomery County, in Equity, requires that a bill in the nature of a Bill of Review to review orders of the Commission requires such bill to be filed within thirty days after an appeal therefrom is perfected.

(b) The bill was not filed in the manner nor in the time provided by law.

These motions to dismiss and to strike the bill were denied by the court below, and these rulings are presented on this review by appropriate assignments of error. Presenting a threshold question, we shall consider these matters first.

Rule B of the Circuit Court of Montgomery County, in Equity, in parts pertinent to this review reads as follows:

"To expedite and clarify the procedure on appeals from orders of the Alabama Public Service Commission, and to avoid confusion and the inconvenience of entering a separate order in each case, effective as of this date, whenever an appeal is taken to the Circuit Court of Montgomery County, Alabama, from orders of the Alabama Public Service Commission, and when a different course of procedure is not otherwise provided by law, the party taking the appeal shall become Complainant in said Circuit Court and shall, within thirty days after the date of the appeal (or within thirty days after the adoption of this Rule) file in said Circuit Court a pleading in the nature of an original bill, clearly and concisely setting forth the facts on which his claim or claims are based.

"A copy of said pleading shall be served on the Alabama Public Service Commission and on all opposing parties or their solicitors of record, as provided by law for service in case of amendment to original bills of complaint, provided, however, service may be accepted by opposing parties or their said solicitors. For the purpose of this rule all parties, in the proceedings before the Public Service Commission, resulting in the order from which said appeal is taken shall be considered as opposing parties.

"Such opposing party or parties shall have thirty days from the date of such service or acceptance· thereof to plead, answer or demur to said pleading. In case such pleading is not filed by the Appellant as herein provided, the Court may,

on motion of Appellee, dismiss said appeal. * * *" (Italics ours.)

It must be remembered we are here dealing with a rule of court. The first sentence of Rule B, supra, is clearly indicative that the rule was promulgated "to expedite and clarify the procedure on appeals from orders of the Alabama Public Service Commission, and to avoid * * * the inconvenience of entering a separate order in each case." In other words, one of the basic reasons for the rule was to serve the convenience of the court.

It is also to be noted that the rule provides that:

"In case such pleading is not filed by the Appellant as herein provided, the Court may, on motion of Appellee, dismiss said appeal." (Italics ours.)

In Board of Education of Jefferson County v. State ex rel. Kuchins, 222 Ala. 70, 131 So. 239, it is stated that generally speaking, provisions not relating to the essence of the thing to be done, and as to which compliance is a matter of convenience rather than substance, are directory.

■ It is apparent from its ruling denying the motions to dismiss and to strike the complaint because of Rule B that the Circuit Court of Montgomery County has construed the rule as directive rather than mandatory. By and large, the construction of rules of court are for the court which promulgated them. State ex rel. Logan v. Ellison, 267 Mo. 321, 184 S.W. 963; Jaynes v. Lee, (Tex.Civ.App.), 306 S.W.2d 182.

■ Further, the interpretation by a court of its own rules is entitled to the greatest weight by a reviewing court and such interpretation will be followed unless it appears to be clearly unreasonable or arbitrary. United States v. Eaton, 169 U.S. 331, 18 S.Ct. 374, 42 L.Ed. 767; Thomas v. State Board of Health, 72 W.Va. 776, 79 S.E. 725, 49 L.R.A.,N.S., 150; Osborne v. Tennessee. Elec. Power Co., 158 Tenn.

278, 12 S.W.2d 947; Richter v. Scranton City, 321 Pa. 430, 184 A. 252.

■ We find no basis for concluding that the lower court erred in denying the motions to dismiss or to strike the bill of complaint or to dismiss the same because of non-compliance with Rule B, supra.

Under the second ground of the motions to dismiss and to strike the complaint, counsel for the Commission (appellant) argues first that the motion for reconsideration being pending at the time of the attempted appeal to the Circuit Court, such attempted appeal was premature in that the order from which the appeal was attempted was not a final order.

Counsel for appellant cites several federal cases supportive of his contention, particularly Southland Industries v. F.C.C., 69 App.D.C. 82, 99 F.2d 117, and Woodmen of the World Life Ins. Ass'n v. F.C.C., 69 App.D.C. 87, 99 F.2d 122.

■ However, under the doctrines of our cases the test of finality of a judgment to suport an appeal is not whether the cause remains in fieri awaiting further proceedings to entitle the parties to their acquired rights, but whether the judgment ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated are necessarily involved. If these rights are ascertained, the decree is final and will support an appeal. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Kimbrough v. Dickinson, 251 Ala. 677, 39 So.2d 241; State v. Pollock, 251 Ala. 603, 38 So.2d 870, 7 A.L.R.2d 757.

Further, in the recent case of Alabama Public Service Commission v. Perkins, 275 Ala. 1, 151 So.2d 627, we pointed out, with appropriate citation of Alabama authorities, that an application for reconsideration of an order of the Commission is not essential to perfecting an appeal from such order as the appeal may be either from the order itself, or from the action on the motion for reconsideration in the event such motion is filed.

It was further pointed out that in event a motion for reconsideration was filed it was in the province of the Commission to either grant the motion, overrule it, or strike the motion. In the event the motion was stricken on proper grounds (such as being filed too late), then no appeal would lie from the action of the Commission in striking the motion for reconsideration.

Because of this third alternative action within the province of the Commission, it was held that it was not incumbent upon the protestants to await the action of the Commission on an application for reconsideration, at the risk of having its appeal dismissed in the event the motion for reconsideration was stricken, but that an appeal to the Circuit Court could be perfected pending the motion for reconsideration.

■ As we read *Perkins,* supra it is decisive that in this state an appeal from an order of the Commission may be perfected pending action on a duly filed motion for reconsideration of that order.

■■ Nor was the appeal tardily filed because not filed within thirty days of the order of the Commission. This for the reason that the timely filed motion for reconsideration (analogous to a motion for a new trial) tolled the running of the thirty day period until the motion was acted upon. If during the tolled period this appellant saw fit to perfect an appeal, such action was in effect an abandonment of its motion for reconsideration, and the original order was thereby rendered final and appealable. See Koger v. State, 38 Ala.App. 476, 87 So.2d 552; Steger v. Shofner, (Tex.Civ. App.), 54 S.W.2d 1013; Noonan v. Noonan, (Ohio C.A.), 42 N.E.2d 671; 4 C.J.S. Appeal and Error § 106, pps. 295, 296.

Upon completion of the hearing, the court below entered a decree finding that the order of the Commission of 29 July 1965, was not supported by the evidence, but on

the contrary was refuted by the evidence, and accordingly adjudged that said order be set aside as null and void.

From this decree of the Circuit Court, the Commission perfected this appeal.

We see no need to review the findings of the court below as to the absence of evidence to support the decree, though we in no wise intimate that the lower court was not fully warranted in its findings as to the evidence, or lack thereof to support the order of the Commission.

An examination of this record compels the conclusion that the appellees here were denied due process in the proceedings before the Commission culminating in the purported order entered by Commissioners Pool and Pepper.

In the first place, Section 301(7), Title 48, Code of Alabama 1940, provides that when an examiner is appointed to, and does, conduct a hearing, he must thereafter make a written recommendation of an order to be entered, stating his reasons therefor. Copies of such recommendation shall be served upon the parties in interest who may file exceptions thereto. If exceptions are filed, it shall be the duty of the Commission to consider the same. If sufficient reason appears from such exceptions, the Commission shall grant a further review or authorize further proceedings.

■■ The above provisions create substantial rights. Since no written recommendation for an appropriate order was made by the examiner in the proceedings below, the appellees here were, by the order of 29 July 1965, denied due process of law. This, in itself, would render the order void.

In the second place, Commissioner Connor, the only Commissioner who apparently attended the full hearing before the examiner, by written document filed with the Commission, has asserted that after the hearing he was never notified of any meeting of the Commission was ever held in

present application, and that in fact no such meeting of the Commision was ever held in the premises. This statement by Commissioner Connor stands uncontradicted in the record.

The Alabama Public Service Commission consists of a president and two associates. Section 1, Title 48, Code of Alabama 1940.

■ A reading of Section 301(7), Title 48, Code of Alabama 1940, pertaining to the administration of the Public Service Commission, leaves no doubt but that it was the intention of the Legislature in creating the Public Service Commission that the Commission was to function as a quasi judicial body, that is, as a group, and not through individual and personal actions by the Commissioners.

Section 301(8), Title 48, Code of Alabama 1940, specifically provides that certificates of convenience and necessity are to be issued by *the Commission.*

■ The Legislature has committed to the Public Service Commission matters of vast public interest to the people of this state. Among these powers are the regulation of utilities and their rates, and in particular, as far as this case is concerned, the regulation of transportation over both railroads and the highways of this state. Presumptions are indulged in favor of the orders of the Commission and the soundness of its conclusions.

■ Parties before the Commission should have the benefit of the counsel and judgment of the officials to whom the decisional power has been committed. If such procedure is not adhered to, parties before the Commission are not accorded due process of law. In accord with the above views, see Webster v. Texas and Pac. Motor Transport Co., 140 Tex. 131, 166 S.W.2d 75; Jenkins Bros. Shoe Co. v. Travis, 168 N.C. 599, 84 S.E. 1036; State ex rel. Lemke v. Union Light, Heat and Power Co., 47 N.D. 402, 182 N.W. 539;

People v. Whitridge, 144 App.Div. 486, 129 N.Y.S. 295; Terre Haute Gas Corp. v. Johnson, 221 Ind. 499, 45 N.E.2d 484, 48 N.E.2d 455.

As pointed out in Webster v. Texas and Pac. Motor Transport Co., supra, if such procedure is not followed, that is of having a regular meeting of the Commission for the consideration of matters before it, of which all members are notified, then it might well follow that the absence of a commissioner who had no notice of any meeting would deprive the Commission of the counsel of such absent member who, had he been present and able to present his views, could possibly have persuaded one, or both, of his fellow commissioners of the soundness of his position in the matter being considered.

■ We wish to make it clear that we are not holding that all Commissioners must be present to constitute a quorum in order to transact the business of the Commission. We do hold, however, that members of the Commission must act as a body when a quorum is present, and each Commissioner must be given a reasonable notice of meetings of the Commission and accorded an opportunity to be present if feasible.

As before noted, the lower court has adjudged the order granting the certificate to be void because contrary to the evidence submitted in support of the application. We have pretermitted considering this case in this aspect since we are clear to the conclusion that said order is void because of the denial of due process of law to the contestants in the proceedings before the Commission. The decree of the lower court, regardless of the reasons assigned in support thereof is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.