229 So.2d 488

**GLEN McCLENDON TRUCKING COMPANY, Inc.**

v.

**HALL MOTOR EXPRESS, INC., et al.**

3 Div. 378.

Supreme Court of Alabama.

Dec. 11, 1969.

John P. Carlton and Bishop & Carlton, Birmingham, for appellees.

John W. Cooper, Birmingham, for appellant.

HARWOOD, Justice.

On 4 April 1966, the Glen McClendon Trucking Co., Inc., filed an application with the Alabama Public Service Commission seeking to enlarge the authorization of its previously obtained Motor Carrier Certificate of Convenience and Necessity to permit the transportation of certain commodities "between points in Chambers County, Alabama, on the one hand, and all points in Alabama on the other hand."

Notice of the application was properly given on 6 May 1966, and thereafter notices of intent to protest the application were timely filed with the Commission by some five motor carriers including the appellant, Hall Motor Express Company. No such notice of protest was filed by Deaton Inc., either with the Commission or with McClendon.

On 25 May 1966, pursuant to Section 301(7), Title 48, Code of Alabama 1940, the three members of the Public Service Commission, that is, Commissioners Eugene "Bull" Connor, Sibyl Pool, and Ed Pepper, entered a written order referring the proceeding to William F. Black, attorney for the Commission, as examiner "for the hearing and taking of testimony and the recommendation of an appropriate order thereon, and to perform other duties with respect to said proceeding as authorized by law."

Mr. Black apparently set about arranging a date for the hearing.

On 8 June 1966, he wrote the parties and protestants that the hearing had been set for 20 June 1966, but one of the parties had a conflicting matter on that date, and inquired if the week beginning 4 July 1966 would be convenient for setting the hearing. We note that a copy of this letter

was sent to Deaton, Inc., and Deaton wrote a reply thereto

The next day, however, Mr. Black wrote to all the parties to whom he had sent his original letter that:

"As directed by a majority of the Commission, please be advised that the hearing set and scheduled for 9:30 A.M., on Monday, June 20, 1966, will be had on schedule and will not be postponed as requested by one of the parties."

On 16 June 1966, an order was entered by Commissioners Pool and Pepper, in which Commisisoner Connor did not join, appointing Lloyd G. Hart, Assistant Attorney for the Commission, as examiner to conduct the hearing. This order is identical with that previously issued and signed by all three Commissioners referring the matter to William F. Black.

On 20 and 21 June 1966, a hearing was had on the McClendon application. At the beginning of the proceedings the Reporter noted:

"Testimony of Proceeding

"Before the Alabama Public Service Commission at its Offices in Montgomery, Alabama, on the 20th day of June 1966.

"Before: Mr. Lloyd Hart, Examiner, Miss Sibyl Pool, Mr. Ed Pepper and Mr. Eugene "Bull" Connor, Commissioners."

The transcript of these proceedings shows that Examiner Hart called the proceedings for hearing, announced the scope thereof, accepted appearances on behalf of various protestants, ruled upon most of the motions, objections and petitions presented during the course of the hearing, and closed the hearing after completion thereof on the second day.

However, the transcript does reflect that during the first day of the hearing each of the three Commissioners interjected remarks, observations, or questions, and on the second day of the hearing remarks by Commissioner Connor are shown.

Toward the conclusion of the first days' hearing, it appears that a witness for Hall had not shown up. There was considerable discussion as to whether prepared statements made under oath could later be submitted for this witness and furnished to all parties, with a right to reconvene the hearing for cross examination of this witness desired by the parties. Examiner Hart inquired:

"Now, is that the will of the Commission?"

Later, one of the attorneys stated he thought his client would be prejudiced by a continuance of the hearing if the absent witness was to be cross examined. At this point the record shows:

"Comm. Pepper: Now I tell you what we will do. The Commission will set this hearing to start in the morning at 9:00 to finish it and then Mr. Carlton can have his witness here and you will be here to cross examine. We will have the court reporter here too."

Examiner Hart then announced that the hearing was recessed until 9:00 A.M., the following morning.

The next morning the record reflects that Examiner Hart announced at 9:00 A.M., that the hearing would resume, whereupon a witness was called by the protestant Hall Motor Company.

Another matter occurring during the trial should be noted. At the opening of the hearing Deaton, Inc., orally requested permission to intervene in the hearing as a protestant, and later in the day filed a written request to the same effect. This request was opposed by McClendon on the grounds that Deaton, Inc., had not given the required notice of protest.

By the Rules of Practice of the Alabama Public Service Commission as amended on 9 September 1965, it is provided that any person opposed to an application assigned for oral hearing may become a party protestant provided notice is given to the Commission and to the applicant of such persons intent to protest at least five days before the hearing. The rule further provides that no person who fails to so notify the applicant of his intent to protest will be permitted to intervene in a proceeding, except upon a showing of substantial reasons, in a petition submitted as provided in a preceding section of the Rules, and then only upon satisfying the Commission or presiding examiner, that the other parties' protestants are not in position to adequately represent the interests of the would-be intervenor.

Although Examiner Hart announced that the oral petition to intervene by Deaton would be denied, it is to be noted that the attorney for the appellant at least once opened his argument with the address: "May it please the Commission." Certainly, the attendance of the Commission is to be inferred from such opening.

It is to be noted that while the petition by Deaton to intervene was denied, nevertheless Deaton was permitted to present its witness on the second day of the hearing. This witness testified on direct examination in question and answer form, with no cross examination.

After a meeting on 3 August 1966, all three of the Commissioners, signed an order granting McClendon's petition. The decretal portion of the order was based upon an extensive finding of facts from evidence of a substantial nature.

On 30 August 1966, Hall Motor Express, Inc., and Deaton perfected an appeal from this order to the Circuit Court of Montgomery County, Alabama, in Equity.

After the hearing in that court the Chancellor rendered a decree reversing the order of the Public Service Commission.

The portions of the decree pertinent to this review read:

" * * * Deaton, Inc. filed a petition for leave to intervene at the public hearing on June 20, 1966, but the petition for leave to intervene was denied. It appears that the attorney who generally represented Deaton had filed the application of Glenn McClendon Trucking Company, Inc., a corporation, but had withdrawn his representation of McClendon upon being informed by Deaton that Deaton considered a conflict of interests to exist. This Court finds that the appellant had full knowledge of the interests of Deaton, was not taken by surprise by the petition of Deaton for leave to intervene when it was presented at the public hearing of this matter before the APSC. In fact, this record affirmatively shows that the APSC and the appellant were under the impression, because of correspondence contained in the file, that Deaton was a party protestant before the APSC. Accordingly it is therefore, the opinion of this Court, and this Court so finds and holds, that the APSC committed substantial and prejudicial error by failing to allow Deaton to intervene in the proceedings before it. However, for reasons hereinafter stated, the failure to allow Deaton to intervene injurious as it was, will not be further considered by the Court at this time.

"Certain procedural irregularities are manifest in the record. This matter was referred to Examiner Lloyd G. Hart by order of the APSC, signed by Commissioners Pepper and Pool, on June 16, 1966. The transcript shows that the hearing was in fact conducted by Examiner Hart. However, Examiner Hart never recommended an order as he was supposed to have done. Instead, a report and order of the Commission, signed by all commissioners on August 3, 1966, which purported to grant certain authority to McClendon, was filed. The handling of this matter is a complete departure from the requirements of due

process of law. The Alabama Supreme Court has had occasion to consider this matter in the case of Alabama Public Service Commission v. Redwing Carriers, Inc., 199 So.2d 653 [281 Ala. 111, 199 So. 2d 653]. After discussing Title 48, Section 301(7), Code of Alabama (1940) (Recomp.1958), the Alabama Supreme Court said:

" 'Since no written recommendation for an appropriate order was written by the examiner in the proceedings below, the appellees herein are, by the order of 29 July 1965, denied due process of law. *This, in itself, would render the order void.*' (Emphasis added.)

"In accordance with the above cited and quoted case, and under the facts of the case at bar, it is therefore, ORDERED, ADJUDGED and DECREED by the Court that this matter be remanded to the Public Service Commission for further proceedings in accordance with this decree, and opinion."

■ We agree with the statement of the lower court as to the facts surrounding the failure of Deaton to intervene. However, even though the Commission and the applicant McClendon were under the impression that Deaton was a protestant, the decision to intervene was solely within Deaton's discretion. It could have exercised a right to intervene by notifying the applicant and the Commission of its desire to intervene at least five days before the date of the hearing. Such is the provision of the Rules of Practice of the Commission.

Deaton did not give such notice.

In the discretion of the Commission a party may be permitted to intervene upon showing substantial reasons even though requirement of the rule as to notice of intent to intervene has not been complied with. As to whether the reasons for non compliance with the rule as to notice of intent to intervene is substantial is a matter that should be left largely to the discretion of the Commission.

■ The interpretation by a court of its own rules (or in this case by a quasi-judicial body), is entitled to the greatest weight by a reviewing body and will be followed unless it appears to be clearly unreasonable or arbitrary. Alabama Public Service Commission v. Redwing Carriers, 281 Ala. 111, 199 So.2d 653.

We consider the same principles should prevail in the matter of the application of its own procedural rules by a judicial or quasi-judicial body.

We do not think it can be said, under the shown facts, that the denial of Deaton's petition to intervene was clearly unreasonable or arbitrary.

The real basis of the Chancellor's decree reversing the order of the Commission would seem to be the act of the Commission in entering its order in the absence of an examiner's report. It was the Chancellor's view that under the doctrine of the *Redwing* case, supra, the appellant was denied due process of law by the action of the Commission.

In *Redwing*, supra, an examiner had been appointed to conduct the hearing, and did so. Later, two of the Commissioners, without any meeting of the Commission to consider the application, and before the examiner had filed any written recommendation and his reasons therefor with the Commission, issued an order granting the petition of the applicant for a certificate of convenience and necessity. The record reflected without question that one of the Commissioners had heard none of the testimony, a second Commissioner was "in and out" during the hearing, and only the third Commissioner (Connor) had been present during the entire hearing.

■ While it is true that in the present case an order was signed by two of the Commissioners appointing an examiner, the record further reflects that all three

of the Commissioners were present at the hearing on the first day, and we must presume in the absence of a showing otherwise, were present during the entire hearing. The Commissioners interjected themselves into the hearing from time to time, and it was Commissioner Pepper who ruled as to whether the hearing would continue to the second day in order to complete the hearing. Thereafter, at a full meeting of the Commission at which the matter of the application of McClendon was considered, the order was issued.

In our opinion, the facts shown in *Redwing*, supra, and the facts of the present case are so different as to remove the present case from the influence of *Redwing*.

The question yet remains, however, as to whether McClendon and Deaton were denied due process in the proceedings before the Commission. We think not.

The Commission having the authority to appoint an examiner also has the power to revoke or supersede such an appointment. Where, as here, the Commission attend as a body the hearing set by an examiner, inject themselves into the hearing, then implicit in such action by the Commission is that the Commission has superseded the authority of the examiner to conduct the hearing, and have themselves elected to conduct the hearing. We do not think it can be questioned but that such action is within the province of the Commission.

Counsel for appellee arguing in support of the decree of the lower court contend that the conclusions of the lower court should be affirmed, otherwise the appellees' right to due process would be affected in that they would be deprived of the substantial right of filing exceptions to the written report of the examiner, with the resulting duty of the Commission to consider such exceptions and if need be grant

a further review or authorize further proceedings. (See Section 301(7), Title 48, Code of Alabama 1940, and *Redwing Carriers*, supra.)

We think it apparent that the purpose of Section 301(7), Title 48, Code of Alabama 1940, is to provide a record of the evidence presented to the examiner, his conclusions reached and reasons therefor, and to furnish a due process basis for the Commission's actions in adopting or rejecting the examiner's report, and to provide a further basis for judicial review if desired.

But where, as here, the Commission itself heard the evidence, no valid reason presents itself to prevent the Commission from considering and passing on the issue and entering an order thereon.

Under Section 301(5), subd. 9, Title 48, Code of Alabama 1940, any party to a proceeding before the Commission may apply for a rehearing or reconsideration of a decision of the Commission. Thus, the same right is afforded a party to bring to the attention of the Commission any alleged error in a decision by the Commission in the reconsideration procedure as is afforded to a party through exceptions to an examiner's order and recommendation filed by an examiner for consideration by the Commission.

Nor did the fact that the hearing was conducted by and large by the examiner deprive the appellants of due process of law. This for the reason that the hearing was in the presence of the full Commission, and the examiner was a member of the staff of the Commission. Certainly, it is not unusual for a multi-membered judicial or quasi-judicial body to have a member of the body, or a staff member take the lead in conducting a hearing. Such method lends itself to an orderly and efficient procedure. See Smith v. Board of

Commissioners of the Alabama State Bar, (Ala.Sup.), 225 So.2d 829.

Section 82, Title 48, Code of Alabama 1940, provides that an order of the Commission shall be taken as prima facie just and reasonable. On appeal to the Circuit Court no additional evidence may be introduced except as to fraud on the part of some person engaged in the administration of the Public Service Commission Act. In the absence of a claim of fraud the appeal is heard in the Circuit Court upon the certified record of the proceedings before the Commission.

It is further provided in Section 82, that the order of the Commission shall be set aside if the court finds, (1) the Commission erred to the prejudice of the appellant's substantial rights in its application of the law, or (2) the order was procured by fraud, or (3) was based upon a finding of facts contrary to the substantial weight of the evidence.

Ground 2, pertaining to the procuring of an order by fraud is in no wise involved in these proceedings.

As before indicated, we are not in accord with the Chancellor's conclusions that the hearing was conducted solely by Examiner Hart, and therefore the order of the Commission made prior to a written report by the examiner was void. It is our view that under the facts the hearing must be considered as having been by the Commission, and therefore the Commission was authorized to enter an order after due consideration of the issues. This being so, the decree of the Circuit Court incorrectly applied the law to the facts, and is due to be reversed. Accordingly, an order and decree is here entered reversing the decree of the Circuit Court and affirming the order of the Commission.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.

