214 So.2d 851

**ALABAMA ELECTRIC COOPERATIVE, INC., et al.**

v.

**ALABAMA POWER COMPANY et al.**

**3 Div. 196.**

Supreme Court of Alabama.

Oct. 17, 1968.

Rushton, Stakely & Johnston, Montgomery, and L. A. Beers, Jr., Andalusia, for Alabama Electric Cooperative.

E. C. Orme, Troy, for South Alabama Electric Cooperative.

158

Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, for Alabama Power Co.

Oliver W. Brantley, Troy, for City of Troy.

. MacDonald Gallion, Atty. Gen., Robt. P. Bradley and Wm. F. Black, Montgomery, for Public Service Comm.

COLEMAN, Justice.

The intervenors appeal from a decree in which the circuit court, in equity, affirmed an order of the Alabama Public Service Commission. By its order, the Commission approved a contract made by the City of Troy and the Alabama Power Company whereby the Power Company agreed to supply electric energy to the City. The order also granted to the Power Company a certificate of convenience and necessity for construction of certain transmission lines.

The proceedings began when the Power Company and the City filed with the Commission a joint petition seeking approval of the contract and granting of the certificate. Appellants intervened. After an extensive hearing, the Commission made the order complained of.[1] The order was signed and approved by two members of the Commission and the third member dissented.

The intervenors appealed to the circuit court, in equity, and filed their bill of complaint. The City and the Power Company filed answer and demurrer.

The intervenors filed amendment to their bill of complaint by adding Paragraph 16 which begins as follows:

" '16. Complainants aver that the acts or omissions alleged hereafter in this paragraph, which are not shown in the certified record of these proceedings, constitute misconduct of some person engaged in the administration of Title 48, Code of Alabama 1940, as amended, affecting the order, ruling or award herein appealed from, and therefore under the provisions of Section 82, Title 48, Code of Alabama 1940, as amended, Complainants are authorized to introduce new or additional evidence in the Circuit Court of Montgomery County, Alabama, in

1. As here pertinent, the order recites: "During the course of the hearing, testimony and exhibits in support of the petition for approval of the contract for electric power supply and for issuance of the Certificate of Convenience and Necessity were submitted by the City and by the Company. Testimony and exhibits in opposition to the granting of the petition for approval of the contract and for the Certificate of Convenience and Nessity (sic) were submitted by the Intervenors. Witnesses for the petitioners and the Intervenors were cross-examined."

this appeal to prove the allegations of this paragraph.

"	*	*	*'"

In the continuation of Paragraph 16, intervenors allege that one of the two Commissioners who signed and approved the order did not attend the hearings before the Commission and did not have opportunity to read the transcript of evidence taken at the hearing; that the hearing examiner did not communicate his observations or conclusions to said Commissioner or discuss the evidence or arguments with him; that the other two Commissioners did not communicate their observations or conclusions to said Commissioner or discuss the evidence or arguments with him; that the reporter who recorded the proceedings did not read the record or any part thereof

to said Commissioner; that no briefs were filed by the parties; that no employee of the Commission, who was present during the hearing, communicated his observations to or "sifted the evidence" for said Commissioner; that there was no meeting held by the Commission at which the cause was considered and " * * * that the Commissioners at no time attended or participated in any meeting to consider the cause and vote thereon, although all members were available for receipt of notice of any such meeting." [2]

The City and Power Company refiled their original demurrer and also additional grounds of demurrer to the amended bill. Ground 5 of the amended demurrer recites:

"5. For that the amended bill does not allege fraud or misconduct of a character

---

[2]. In pertinent part, the amendment to the bill further recites:

"'*	*	*

"(C) Complainants aver that the said order of the Alabama Public Service Commission in this cause is invalid and unenforceable in that:

"(1) One of the Commissioners so deciding was entirely absent during the course of the hearings before the Alabama Public Service Commission and had not heard or considered the evidence or arguments therein before so deciding.

"(2) Said order is invalid in that, contrary to the laws creating and establishing the Alabama Public Service Commission and defining its duties and powers, and contrary to well-established rules of parliamentary procedure, the said order was decided and signed by the members of the Alabama Public Service Commission without first holding a meeting of the Commissioners at which the matters in issue herein were considered.

"(3) Said order is invalid in that it was rendered, without first calling a meeting of the Commissioners, by the individuals composing the membership of the Alabama Public Service Commission and does not represent the decision or determination of the corporate body of the Alabama Public Service Commission.

"(D) Complainants aver that the order of the Alabama Public Service Commission dated October 23, 1964 is invalid and unconstitutional under the Constitution of the United States in that it is repugnant to and in conflict with the Due Process Clause of the Fourteenth Amendment and deprives the parties of the rights which are guaranteed by said Clause, the hearing and determination having been fundamentally unfair, and not such a hearing as is intended by the appropriate Sections of Title 48, Code of Alabama 1940, and a denial of Due Process of law in that the decisive vote was cast by a member of the Commission who was not present during any part of the hearings and who did not consider the evidence or arguments presented. Complainants further aver that for said reasons the order of the Commission is invalid and unconstitutional under Article I, Section 13, of the Constitution of Alabama of 1901.'

"Complainants further amend their said complaint by adding as Paragraph 5 to the prayer of said complaint the following:

"'5. That upon a final hearing of this cause, this Honorable Court decree that the said order of the Alabama Public Service Commission is invalid and unconstitutional under the provisions of the Fourteenth Amendment of the Constitution of the United States, and under the provisions of Article I, Section 13, Constitution of Alabama 1901, the hearing and determination having been fundamentally unfair, and not such a hearing as is intended by the appropriate sections of Title 48, Code of Alabama 1940, as amended.'"

which would permit the taking of testimony for the consideration of matters outside the record."

After hearing oral argument, the court made an order decreeing:

"(1) That ground of demurrer Number 5 to that aspect of the Bill of Complaint set forth in the amendment which aspect seeks to charge misconduct of such a nature as to allow the introduction of new or additional evidence in the Circuit Court on appeal under Section 82, Title 48, Code of Alabama 1940 as amended is hereby sustained.

"(2) All other grounds of demurrer are hereby overruled.

"*  *  *"

Intervenors assign as error the action of the court in sustaining the demurrer as aforesaid.[3]

In one of the briefs, appellees attack the sufficiency of Assignment 6, saying that the error charged is " 'sustaining the demurrer to the amended complaint of Appellants,' " and that the court did not sustain, but overruled the demurrer to the amended bill. It is true that the court did overrule the demurrer to the amended bill except as to the one aspect set forth in the amendment, and a better assignment would complain of sustaining the demurrer to said aspect, describing it precisely. It is clear to us, however, from the assignment and from the decree on page 587 of the transcript, which page is listed in the assignment, that the court's only ruling sustaining a demurrer is to the aspect which seeks to charge misconduct so as to allow introduction of additional evidence. There is no ruling sustaining demurrer to any other aspect or to the bill as a whole. We think the assignment clear enough to present properly a question for review. If the decree referred to in the assignment had contained a ruling sustaining demurrer to any other aspect, or to the bill as a whole, a different situation would be presented and the assignment of error might be held insufficient.

Since the decree referred to in Assignment 6 was rendered, this court has had occasion to consider and decide the question whether due process had been denied in a case where the Commission, without holding a meeting, had made an order granting a certificate of convenience and necessity to a highway carrier. This court held that due process had been denied. The court said:

"A reading of Section 301(7), Title 48, Code of Alabama 1940, pertaining to the administration of the Public Service Commission, leaves no doubt but that it was the intention of the Legislature in creating the Public Service Commission that the Commission was to function as a quasi judicial body, that is, as a group, and not through individual and personal actions by the Commissioners.

"*     *     *     *     *     *

"The Legislature has committed to the Public Service Commission matters of vast public interest to the people of this state. Among these powers are the regulation of utilities and their rates, and in particular, as far as this case is concerned, the regulation of transportation over both railroads and the highways of this state. Presumptions are indulged in favor of the orders of the Commission and the soundness of its conclusions.

"Parties before the Commission should have the benefit of the counsel and judgment of the officials to whom the decisional power has been committed. If such procedure is not adhered to, parties

---

3. Assignment of Error No. 6 recites:
   "6. The Court erred in sustaining the demurrer to the amended complaint of appellants on the ground that the charge of misconduct alleged was not of such a nature as would allow the introduction of new or additional evidence in the Circuit Court on appeal under Section 82, Title 48, Code of Alabama 1940 (R. p. 587)."

before the Commission are not accorded due process of law. (Citations Omitted)

"As pointed out in Webster v. Texas and Pac. Motor Transport Co., supra [140 Tex. 131, 166 S.W.2d 75], if such procedure is not followed, that is of having a regular meeting of the Commission for the consideration of matters before it, of which all members are notified, then it might well follow that the absence of a commissioner who had no notice of any meeting would deprive the Commission of the counsel of such absent member who, had he been present and able to present his views, could possibly have persuaded one, or both, of his fellow commissioners of the soundness of his position in the matter being considered.

"We wish to make it clear that we are not holding that all Commissioners must be present to constitute a quorum in order to transact the business of the Commission. We do hold, however, that members of the Commission must act as a body when a quorum is present, and each Commissioner must be given a reasonable notice of meetings of the Commission and accorded an opportunity to be present if feasible." Alabama Public Service Commission v. Redwing Carriers, Inc., 281 Ala. 111, 117, 118, 199 So. 2d 653.

■ If the facts alleged in Paragraph 5 of the amended bill are true, no meeting : the Commission was held in the instant ise. On demurrer, the facts well pleaded : the amended bill must be taken as true.

§ 82, Title 48, Code 1940, provides:

"The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from * * *."

There is no charge of fraud or improper motive on the part of anyone in the case now before us. There is, however, the charge that the proceedings before the Commission were not properly conducted, that is to say, the bill avers misconduct in the proceedings. As to the meaning of the word, "misconduct," the Supreme Court of Montana had this to say:

"The word 'misconduct,' as employed in the first statement of the rule, is comprehensive enough to include 'misfeasance' and 'malfeasance.' As variously defined, misfeasance is the improper doing of an act which a person might lawfully do; malfeasance is the doing of an act which a person ought not to do at all. Bell v. Josselyn, 3 Gray (Mass.) 309, 63 Am.Dec. 741. Misfeasance is the wrongful and injurious exercise of lawful authority, or the doing of a lawful act in an unlawful manner. Malfeasance is the unjust performance of some act which the party had no right, or which he had contracted not, to do. Dudley v. City of Flemingsburg, 115 Ky. 5, 72 S. W. 327, 60 L.R.A. 575, 103 Am.St.Rep. 253, 1 Ann.Cas. 958. Misfeasance is the wrongful or injurious exercise of lawful authority, or the doing of a lawful act in an unlawful manner, while malfeasance is doing an act which is positively unlawful or wrongful. Bouvier's Law Dictionary, 'Misfeasance'; and see 40 C.J. 1222." Lee v. Providence Washington Ins. Co., 82 Mont. 264, 266 P. 640, 643.

On appeal from a judgment denying a petition for certiorari to review action of the Public Works Board of Alabama in a proceeding for issue of municipal bonds, this court said:

"We do not think it can be doubted that the proceedings authorized to be had before, and by, the Board are of a character quasi judicial, in which due process must be observed, and preserved to all persons whose legal rights may be in-

volved, and concluded by the deliberations and determinations of the Board. Such proceedings require the taking and weighing of evidence, and a finding of fact based upon a consideration of the evidence, and the making of an order supported by a finding upon substantial evidence given before the Board.

"Nor will any one doubt, we take it, that the 'public hearing' provided for in the act 'has obvious reference to the tradition of judicial proceedings in which evidence is received and weighed by the trier of the facts.' As observed by Mr. Chief Justice Hughes, in the case of Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 911, 80 L.Ed. 1288: 'The "hearing" is designed to afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations which in other fields might have play in determining purely executive action. The "hearing" is the hearing of evidence and argument.' " Alabama Power Company v. City of Fort Payne, 237 Ala. 459, 464, 187 So. 632, 636, 123 A.L.R. 1337.

■ In the light of our holding in Alabama Public Service Commission v. Redwing Carriers, Inc., supra, we are of opinion that if the averments of the amended bill are proved, then the order of the Commission in the case at bar was made without affording due process to the complaining parties, the appellants. We think that the trial court should have overruled the demurrer to the aspect of the amended bill which charged denial of due process, and that the decree appealed from is due to be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.