227 So.2d 420

**A–OK MOTOR LINES, INC.**

v.

**ALABAMA PUBLIC SERVICE COMMISSION et al.**

**3 Div. 249.**

Supreme Court of Alabama.

Sept. 11, 1969.

Rehearing Denied Oct. 9, 1969.

John W. Cooper, Birmingham, and James M. Wright, Jr., Montgomery, for appellant.

Robt. S. Richard, Samuel W. Taylor, and Capell, Howard, Knabe & Cobbs, Montgomery, for appellees.

COLEMAN, Justice.

This appeal is from a decree rendered by the circuit court on a statutory appeal to the circuit court from an order of the Public Service Commission.

The principal parties are A-OK Motor Lines, Inc., herein referred to as A-OK; Jack Cole Company, Inc., referred to as Cole; and AAA Motor Lines, Inc., referred to as AAA.

Cole and A-OK filed with the Commission proceedings to transfer from Cole to A-OK the right to serve certain cities in Alabama by transporting freight from one city to another. AAA became a protesting party to the transfer proceedings.

By order dated January 17, 1962, the Commission authorized the transfer from Cole to A-OK. The Commission's order named the cities to and from which A-OK could haul freight, but the order did not state that A-OK had authority to haul freight to points outside the corporate limits but within the police jurisdiction of the named cities.

In Smith Transfer Co. v. Robins Transfer Co., 258 Ala. 406, 63 So.2d 351, it appears that this court decided that a certificate granting authority to transport freight to and from a named city does not grant authority to transport freight to and from a point which is outside the corporate limits but within the police jurisdiction of the named city. The grant of authority to serve a city does not include authority to serve points within the police jurisdiction unless the authority to serve points in the police jurisdiction is expressly granted in the certificate.

A-OK says that the transferor, Cole, had authority to serve the police jurisdiction of the named cities and that it was the intention of A-OK and Cole to transfer to A-OK the authority to serve points within the police jurisdiction; but, through inadvertence, authority to serve the police jurisdiction of the named cities was omitted

from the grant of authority transferred to A-OK.

On January 25, 1962, AAA appealed the January 17, 1962, order to the circuit court.

In December, 1962, AAA filed with the Commission a complaint charging that A-OK was violating its authority by serving points outside the corporate limits of the named cities in violation of A-OK's certificate. After a hearing on the complaint, the Commission found that A-OK was violating its authority by serving points outside the named cities but within their police jurisdiction. The Commission found that A-OK was serving points in the police jurisdictions under the impression that A-OK had authority to do so and was not acting in bad faith. By order dated October 22, 1963, the Commission ordered A-OK to cease and desist from transporting property to or from Ft. Rucker or any point not specifically authorized in A-OK's certificate.

On October 31, 1963, A-OK filed with the Commission an application to amend its certificate so as to grant to A-OK authority to serve points in the police jurisdictions of the named cities and also Ft. Rucker. On January 9, 1964, after notice and hearing, the Commission ordered that A-OK's certificate be amended to authorize A-OK to serve all points within the police jurisdiction of the cities already named in the certificate and also Ft. Rucker. The order recites that it is to be effective "* * * as of the date hereof."

On August 23, 1965, without notice or hearing, two members of the Commission signed another order. As A-OK states in brief with reference to the August 23, 1965, order:

"* * * the Commission, in it's (sic) ex parte Order (TR 197) amended nunc pro tunc its previous order in Docket No. 15118, *(the order of January 17, 1962)* by adding the 'police jurisdiction' authority to that authority which had been previously authorized to be transferred. * * *." (Italics Added)

In its Amendment to Order of the Commission on August 23, 1965, the Commission states that a transfer of a designated point without including its police jurisdiction would be an unnatural separation of authority and contrary to the policy of the Commission; and that the error in the transfer renders it necessary for the Commission, on its own motion, to amend the order of January 17, 1962, to include the police jurisdictions, due to the fact that, through inadvertence, the parties and the Commission overlooked the police jurisdiction authority when the transfer was effected in 1962.

It appears that no notice to AAA or anyone else, or hearing, preceded the order of August 23, 1965. Subsequently, on September 3, 1965, AAA filed with the Commission a motion to strike the order of August 23, 1965. As we understand the record, the Commission has not acted on the motion to strike.

The complaint proceeding; the proceeding culminating in the order of January 9, 1964, amending A-OK's certificate; and the ex parte order of August 23, 1965, all occurred after AAA had appealed to the circuit court from the Commission's order of January 17, 1962, and while the appeal was still pending and undisposed of in the circuit court.

In March, 1966, AAA filed in the circuit court a motion asking for certiorari to issue directing the Commission to send up to the circuit court all proceedings in the cause had before the Commission subsequent to the appeal. In the motion, AAA prays that all Commission proceedings subsequent to the appeal be quashed and held to be void. AAA avers that the Commission's order of August 23, 1965, was made without notice to AAA, or other parties, and in violation of their rights to due process, the statutes of Alabama, and rules of the Commission.

After hearing ore tenus on the motion to quash, the court decreed that the order of August 23, 1965, is null and void and the same is quashed and vacated.

In final decree, the court affirmed the Commission's order of January 17, 1962. The order of January 9, 1964, is not mentioned in the decree.

A-OK appeals and complains of the action of the court in declaring void and vacating the Commission's order of August 23, 1965.

On this appeal, AAA makes no objection to the order dated January 9, 1964, which granted to A-OK authority to serve the police jurisdictions. AAA does make objection to the order dated August 23, 1965, which also purports to grant to A-OK authority to serve the same police jurisdictions. As we understand it, AAA objects to the 1965 order because, if that order stands, A-OK's police jurisdiction authority will date back to January 17, 1962; and, because of that date, A-OK will be able to obtain from the Interstate Commerce Commission certain authority to transport freight in interstate commerce. A-OK will not be able to obtain that interstate authority so easily, however, or perhaps not at all, if its police jurisdiction authority dates back only to January 9, 1964. A-OK and AAA are competitors, both seeking to obtain interstate freight business.

■ We will consider the errors assigned and argued by A-OK.

Assignment 3 recites:

"3. The Circuit Court erred in receiving additional evidence in connection with the 'Amended Order of the Commission.'"

Assignment 3 does not point out any particular ruling of the trial court. It does not state concisely in what the error consists and is entirely too general. Supreme Court Rule 1. See Thompson v. State, 267 Ala. 22, 25, 99 So.2d 198, where the court held inadequate an assignment as follows:

"'6. For that the court erred in its ruling as to the admissibility of evidence.'"

Assignment 4 recites:

"4. The Circuit Court erred in not following the procedures on appeal that are prescribed by the statutes of the State of Alabama."

The foregoing assignment also fails to comply with Supreme Court Rule 1. Assignment 4 is too general to invite review. It does not point out any ruling of the trial court and does not state concisely in what the error consists.

The only argument made in appellant's brief in support of Assignment 4 is to adopt the argument made in support of Assignment 3. The argument in support of Assignment 3 is that the court erred in admitting new or additional evidence at the hearing on the motion to quash. Appellant says admission of such evidence is contrary to § 82 of Title 48, Code 1940.

Assignments 3 and 4 are both insufficient to invite review. In connection with the admissibility of additional evidence in support of the motion to quash, see: Alabama Public Service Commission v. Redwing Carriers, Inc., 281 Ala. 111, 199 So. 2d 653; Alabama Electric Co-op., Inc. v. Alabama Power Co., 283 Ala. 157, 214 So.2d 851.

We are not to be understood as holding that the motion for certiorari and to quash is proper or permissible procedure to obtain review of the Commission's August 23, 1965, order by the circuit court. That issue is not presented.

### Assignments 1, 2, and 5.

In these assignments, A-OK asserts that the court erred in declaring that the order of August 23, 1965, is null, void, and of

no effect and further ordering it quashed, vacated, and set aside.

Appellant, A-OK, asserts that the Commission had authority to make the August 23, 1965, order on the Commission's own motion to correct a mistake in the original 1962 order, which mistake was the result of inadvertence.

Appellee, AAA, asserts that the August 23, 1965, order is void because the Commission had lost jurisdiction of the cause. AAA says the 1962 order had been appealed to the circuit court and the appeal transferred jurisdiction of the cause to the circuit court. AAA also says the order is void because AAA was not given notice and hearing and was thereby deprived of due process.

■ We pretermit decision on the jurisdiction and due process questions as being unnecessary because we hold that the August 23, 1965, order was not made in compliance with the rules of the Commission and was due to be vacated for that reason.

Whether there has been an appeal or not, Rule XV of the Commission, which was introduced into evidence, provides as follows:

### "XV. APPLICATIONS FOR RE-HEARING OR MODIFICATIONS OF ORDERS

"1. Applications for reopening a proceeding after final submission, or for rehearing or reargument after decision, must be made by petition, stating specifically the grounds relied upon, filed with the Commission and served upon all parties or their attorneys of record who appeared at the hearing, or oral argument if had, or on brief. Such petitions must be accompanied by notices of service, either ·by United States mail or in person, on the other parties of record. * * . * If an application seeks the modification of an order of the Commission, it must show in what particulars a modification is desired. The Commission will allow ten days time to other parties of record in which to file answer in writing to such application."

A-OK says in brief that Rule XV applies to a proceeding which is before the Commission and being actively prosecuted and does not contemplate a situation such as existed in the instant case.

We do not agree. The making of the August 23, 1965, order appears to have been initiated by a letter dated May 27, 1965, from A-OK's attorney to a member of the Commission. We are of opinion that the order of August 23, 1965, made a substantial modification of A-OK's certificate. The complaint proceedings against A-OK and the proceedings, which, after notice and hearing, culminated in the order of January 9, 1964, appear to indicate that the grant of police jurisdiction authority was a matter of substance. Notice and hearing were thought necessary to obtain the police jurisdiction authority in 1963 and 1964 and there were adversaries contesting the grant in that proceeding.

When A-OK initiated the ex parte proceedings in 1965, Rule XV required that notice be given. Notice was not given and, for that reason, we hold that the resulting order of August 23, 1965, is due to be vacated.

The parties do not appear to contend that the Commission cannot correct clerical errors. We do not wish to be understood as holding that the Commission cannot of its own motion correct clerical errors, which may occur in orders of the Commission, when there is sufficient matter apparent on the record to amend by. In every case, however, where such a correction is made, all parties should instanter be given notice and a copy of the corrected order and opportunity to challenge the same by proper process if the party consider that the change in the order is matter of substance and not merely correction of a clerical error.

The decree appealed from is modified to eliminate from it the statement that the August 23, 1965, order is null, void, and of no effect. The decree vacating the August 23, 1965, order is affirmed.

Modified and affirmed.

SIMPSON, MERRILL, and BLOOD-WORTH, JJ., concur.