ALMON, Justice.
This is an appeal from an order of the Alabama Public Service Commission (“APSC”). On December 26, 1985, the Greater Birmingham Unemployed Committee (“GBUC”) filed a complaint pursuant to Ala.Code 1975, § 37-1-83, with the APSC against Alabama Gas Corporation (“Ala-gasco”) and Alabama Power Company (“APCo”), alleging that Alagasco’s and APCo’s “rates, service regulations, practices and classifications” were “unfair, unreasonable, unjust, inadequate, unjustly discriminatory and unduly preferential because low income customers cannot obtain a reasonable amount of utility services at affordable rates for essential needs.” The complaint sought a special scale for low income customers.
On January 13, 1986, Charles S. Foster and Helen V. Lilly, two low-income customers of Alagasco and APCo, moved to intervene in the proceedings begun by GBUC’s complaint. On February 7, 1986, Bishop Joseph G. Vath of the Roman Catholic Diocese of Birmingham moved to intervene in the GBUC complaint.
On February 3, 1986, Greater Birmingham Ministries (“GBM”) filed a complaint with the APSC that restated the allegations of the earlier complaint filed by GBUC.
Alagasco and APCo argued that GBUC and GBM lacked standing in this case. Because of this argument, Foster and Lilly recast their pleading into a complaint. GBUC, GBM, and Bishop Vath[1] moved to intervene.
*190 On March 25, 1986, the Alabama Interre-ligious Conference for Legislative Concerns (“AICLC”) and Presbyterian Community Ministry, Inc. (“PCM”), moved to intervene in the proceedings initiated by Foster and Lilly.
On July 29,1986, the Alabama Industrial Group petitioned the APSC for permission to intervene. A similar motion to intervene was filed by Mobile Gas Service Corporation on August 7, 1986. On September 12, 1986, the Alabama Council on Human Relations, Inc. (“ACHR”), moved to intervene, and the Alabama Farm Bureau Federation petitioned for leave to intervene on September 16, 1986.
Public hearings concerning this matter began on September 18, 1986, and were concluded on April 3, 1987. The hearings were held before the APSC, which consists of three members, and Chief Administrative Law Judge Carl Evans, who conducted the hearings. During this period a total of 15 hearings were held. On August 10, 1987, all of the parties filed briefs with the APSC.
At some time prior to September 8,1987, Judge Evans and Special Assistant Attorney General Ronald Spratt submitted a proposed order and written recommendations, respectively, to the APSC. Appellants were not notified of the existence of these documents, nor were they given copies of the proposed order and recommendations.
On September 8, 1987, the APSC voted unanimously at its regular monthly meeting to accept the proposed order of Judge Evans, holding that the plaintiffs had failed to establish that rates, service regulations, and disconnect practices of APCo and Ala-gasco are “unfair, unreasonable, unjust, inadequate, unjustly discriminatory, or unduly preferential.” Plaintiffs (Foster, Lilly, GBUC, GBM, Sexton, AICLC, PCM, and ACHR) appeal from the order of the APSC.
Appellants first argue that the APSC erred to the prejudice of appellants’ substantial rights by failing to allow them to file exceptions to Judge Evans’s order, such failure, they say, being a violation of Rule 20 of the APSC’s Rules of Practice.
Judge Evans presided over the hearings held before the APSC from September 1986 until April 1987. After the hearings were completed, Judge Evans drafted a proposed order that was ultimately adopted by the APSC. Appellants argue that they were entitled to a copy of the proposed order to enable them to file exceptions to the proposed order. Appellants claim that the failure of the APSC to provide them a copy of the proposed order is a violation of Rule 20, which states:
“Except as otherwise provided by law, when the Commission deems it proper in any proceeding to have a report made of the facts and law involved together with recommendations thereon by any Commissioner or Examiner, the parties will be notified and an opportunity to file exceptions to such report will be given. The time for filing such exceptions will be within twenty (20) days from the date of service shown on such report and recommended order unless otherwise directed by the Commission. Such report will be served upon each party of record. Exceptions shall be filed in writing and set forth specifically any alleged errors in fact or in law or any erroneous conclusions therefrom. Replies to such exceptions may be filed by any interested party within ten (10) days from the filing of the exceptions unless otherwise directed by the Commission. The original and three copies of all exceptions and replies shall be filed with the Commission.”
Appellees assert that Rule 20 derives from Ala.Code 1975, § 37-3-9, which is a statute directed at motor carrier cases. Appellees argue that because § 37-3-9 applies only to motor carrier cases, Rule 20 also applies only to motor carrier cases.
Rule 1 of the APSC’s Rules of Practice states:
“These rules shall govern all proceedings before the Alabama Public Service Commission except rulemaking proceedings and shall supersede any and all rules of practice previously adopted or effective.” (Emphasis added.)
In addition, in its order of April 15, 1980, adopting the Rules of Practice, the APSC *191 ordered that the Rules “shall govern all pending and future proceedings before the Commission.” (Emphasis added.)
It is clear from Rule 1 and the order of April 15, 1980, that the Rules of Practice, including Rule 20, apply to all proceedings before the APSC.
Having determined that Rule 20 applies to utilities cases by virtue of the language of the rules, we next address the issue of whether the APSC violated Rule 20 by not giving the parties a copy of Judge Evans’s proposed order.
Rule 20 contemplates a case where a hearing examiner is appointed by the APSC to hear the evidence, or where only one commissioner hears all of the evidence and then drafts a report to the entire APSC. In such cases the APSC is not afforded an opportunity to hear the evidence personally, nor are the commissioners able to hear arguments of counsel. In cases of that type, the only way that the APSC can be informed of arguments of counsel is through exceptions to the report of the examiner or commissioner. The above described procedure has been recognized and approved by the U.S. Supreme Court. See Ramspeck v. Federal Trial Examiners Conference, 345 U.S. 128, 73 S.Ct. 570, 97 L.Ed. 872 (1953).
The present case, however, presents a different situation. In the present case, Judge Evans did not serve as a hearing officer, making findings after hearing the evidence ore tenus, but simply presided over the hearings. In the present case, the APSC members heard the evidence and arguments of counsel in person. Because of this, the APSC members knew what appellants’ arguments were when they met to reach a decision on the merits of appellants’ proposals. Written exceptions to Judge Evans’s proposed order would not have benefited the APSC members, because they were already aware of appellants’ arguments.
Appellants further argue that Rule 20 applies because, they say, the APSC members were not continuously present. No record was made of any exits or entries by the APSC members during the hearings; therefore, this argument presents nothing for review. In the absence of proof in the record to the contrary, we must presume that at least a majority of the APSC members were present during the hearings. See Glen McClendon Trucking Co. v. Hall Motor Express, Inc., 285 Ala. 98, 229 So.2d 488 (1969). Therefore, Judge Evans’s draft order is more like an internal working document than a report as contemplated by Rule 20.
Appellants contend that the APSC erred to the prejudice of their substantial rights in failing to allow them to file exceptions or counter-arguments to the recommendations of Special Assistant Attorney General Ronald Spratt. Appellants claim that this failure violates Rule 20.
Spratt was hired by the APSC to provide it with legal guidance on issues arising during proceedings, pursuant to Ala.Code 1975, § 37-1-12, which states:
“The commission, under the provisions of the merit system, shall have the authority to appoint or employ attorneys, officers, and such accountants, engineers, experts, inspectors, clerks and other employees as are necessary or expedient to carry out the duties conferred by law upon the commission, and the salaries therefore shall be fixed according to the provisions of the merit system. The commission shall also, by and with the approval of the governor, have authority to employ and discharge special counsel or attorneys as it may be deemed necessary for such purpose.”
Spratt was neither an examiner nor a commissioner, but was an employee of the APSC. Therefore, his recommendations were not subject to the provisions of Rule 20.
In addition to the Rule 20 challenges regarding Judge Evans’s proposed order and Mr. Spratt’s recommendations, appellants contend that the APSC’s failure to give them copies of these documents before issuing its final order violated their right to due process of law. Because these were internal working documents, appellants had no right to respond to them sepa *192 rately from the final order, and no due process violation occurred.
Appellants contend that the APSC failed to hear the evidence and instead deferred to the proposed order of a hearing examiner who was not appointed to hear the evidence in compliance with Ala.Code 1975, § 37-l-89(b), and that their substantial rights were thereby prejudiced. Section 37-l-89(b) states that the APSC “by appropriate order in any case, may appoint or designate a special examiner” to take evidence at the hearings. In the present case, the APSC opted to hear the evidence itself instead of appointing an examiner. Judge Evans simply presided over the hearing. Therefore, an order appointing him pursuant to § 37-l-89(b) was not required.
Appellants also argue that error occurred from Commissioner Martin’s soliciting the opinion of an attorney personal friend regarding this case and relying on that person’s opinion in deciding how to vote. The discussion with that person occurred outside the formal hearing process, and the appellants contend that they were denied an opportunity to rebut his opinion and any arguments he may have made. Thus, they say, the APSC erred to the prejudice of their substantial rights.
During the September 8, 1987, meeting of the APSC, Commissioner Martin made the following comments:
“I looked at Judge Evans’ order and I can think of a number of reasons philosophically, emotionally that I could vote no. But in the end when I reviewed Attorney Spratt’s report, Judge Evans’ recommendations and ask[ed] an outside attorney friend of mine to sit down over this Labor Day weekend with me and go over it, from standpoints of point of law, I can see where I can only vote one way.”
Appellants argue that Commissioner Martin’s discussion with his unnamed attorney friend violated Rule 17(D) of the APSC’s Rules of Practice, which states:
“No person will be permitted to make a statement of fact or present any argument pro or con in a formal hearing before the Commission, unless the person will submit to an oath or affirmation and unless that person is agreeable to submitting himself to cross-examination. The foregoing, of course, does not apply to duly authorized attorneys-at-law in presenting arguments to the Commission.”
Rule 17(D) prohibits statements of fact and arguments in a formal hearing unless the person takes an oath and submits himself to cross-examination. The discussion between Commissioner Martin and his attorney friend occurred outside of the formal hearing. In addition, the APSC exercises legislative authority when it hears rate cases.
There being no reversible error presented for review, the order of the APSC is affirmed.
AFFIRMED.
MADDOX, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and JONES, J., dissent.

. The Reverend Michael Sexton has replaced Bishop Vath in this action due to the death of Bishop Vath.